No. 13,595.

NEW ORLEANS AND NORTHWESTERN RAILWAY COMPANY VS. LINEHAN FERRY COMPANY.

### SYLLABUS.

Courts will not construe contracts until actual issues have arisen from them.

A PPEAL from the Tenth Judicial District, Parish of Concordia— *Dagg, J.*

*Lazarus & Luce* for Plaintiff, Appellant.

*Samuel L. Elam* for Defendant, Appellee.

The opinion of the court was delivered by NICHOLLS, C. J.

### STATEMENT OF THE CASE.

NICHOLLS, C. J. The plaintiff alleged that it was a railway corporation organized under the laws of the State of Louisiana, and of the State of Mississippi; that it entered into a certain contract with the defendant, a copy of which was annexed to its petition, to transfer its engines, cars, passengers and freight across the Mississippi River from Natchez to a point opposite; that by its terms, the contract would terminate on the 1st of November, 1900; that the right-of-way, road-bed, rails, fastenings, on both the Louisiana and Mississippi sides of the river, belonged to it; that they were furnished to the defendant for the purpose of assisting it and enabling it to carry out the contract; that it was entitled to have the same returned and delivered to it at the termination of the contract; that it had notified defendants that it would exercise, after the 1st of November, its right of performing its own transfer by boats, etc., of its own freight, etc., and would not exercise the option given it in the contract of buying the boats, etc., of the defendant company; that the defendant was claiming and pretending that the contract did not terminate on the 1st of November, 1900, but would continue until terminated by mutual consent, and it claimed the

ownership and the right of possession of the property on the inclines, until the termination of the contract under its view as to the date of that termination; that this claim was illegal and unwarranted, and was giving plaintiff great trouble and injury, and it was important to plaintiff to have it presently declared to be incorrect, as it was necessary for plaintiff to know the fact before going to the outlays called for by the building of boats, etc., for itself, to supersede those now furnished it by the defendant.

In view of the premises, it prayed that the defendant be cited, and that plaintiff recover judgment, recognizing the termination of said contract as taking place from and after November 1st, 1900, recognizing the right of petitioners to construct and complete, or to have constructed and completed, and thereafter to operate its own transfer plant and property, and to do and perform its own transfer service, and recognizing and declaring petitioner to be the owner of the rails and fastenings in use by the defendant in the inclines, on both sides of the Mississippi River, and on the transfer barge, and that defendant be ordered to remove from the premises of petitioner, as speedily as possible, from and after November 1st, 1900, all of its property and effects; and that the defendant be enjoined and restrained from interfering or attempting to interfere with, or obstruct petitioner in the construction or completion of the transfer, inclines, cradles and any or all parts of the transfer plant and property necessary for the performance of transfer service by petitioner; and that the injunction be perpetuated.

Defendant, after pleading the general issue, admitted having made a contract with the plaintiff, as shown by a copy of the same, annexed to its answer.

It alleged that, as shown by the same, it could not be terminated except by consent of all parties; that it was not willing that the contract should end on the 1st of November, 1900; that it denied that plaintiff had any right to apply to the court for the purpose of raising the question as to what time the contract should end, because it was distinctly understood that the contract should exist until it was dissolved by mutual agreement of the parties.

It further declared that it was willing to continue, until the contract was ended by mutual consent of both parties, to perform for the plaintiff the same service that defendant had rendered plaintiff since the execution of the contract, and for the same compensation paid by

plaintiff for said service, being the same compensation and service as stated in the contract. Defendant asked that such right be granted and enforced, but that in the event the court should hold that the contract did not cover such a right, then the defendant asked, without waiving any of the above rights, that the court decree in favor of the defendant any other right arising from the contract.

Defendant averred that the incline cost it the sum of fifty thousand dollars to have the same constructed, and that it was still worth said sum, as the same was in as good a condition as when constructed; that all of said inclines were the property of the defendant, including the barge and tug, except the rails and fastenings on the incline, which did not include the rails and fastenings on the cradle, the wedge rails and cradle points; that before the plaintiff company would agree to the construction of the railroad, it required contribution from the people in Mississippi and Louisiana, amounting to something over five hundred thousand dollars, and that the amount had been paid in taxation in Mississippi and Louisiana, and some part thereof by voluntary contribution from individuals in money and in land; that said railroad had only constructed a line from Natchez, Mississippi, to Bastrop, Louisiana; that if the court should hold that the contract ended on the 1st of November, 1900, and that defendant was not entitled to any rights under the contract, then the inclines would be of no value to defendant, as the same could not be removed or used by defendant for any purpose.

In view of the premises, defendant prayed that plaintiff's demand be rejected, and that the court decree said contract to be valid between the parties, and that the same could not be set aside or terminated except by consent of the parties; further, that all the rights granted by said contract in favor of defendant, be enforced, and defendant be decreed the owner of said property.

It was admitted on the trial, that all the rails, fastenings in the inclines, and cradle, belonged to the railway company, except the cradle points and swinging rails, and that the rails on the barge were included in the sale of the barge to the barge company. It was further agreed, that all the material and parts of the incline, other than the rails and fastenings above mentioned, were the property of the transfer company. It was admitted, that the incline and barge for the transfer business could not be constructed and completed in less than ninety days, so as to be ready for transfer service.

The district court rendered judgment, dismissing the case as of non-suit—the judgment reading:

"The court, in this case, seems to be called on to construe an agreement, none of the stipulations of which have been violated by either of the contracting parties, and is asked to render a judgment, which, so far as I am able to see, can have no other effect than to advise the litigants as to the course they should pursue in the future. It is not the province of courts to decide abstract questions, and the issue presented to the court in this case can hardly be considered in any other light.

"Certainly neither of the parties is demanding present relief, and under the pleadings and evidence, no judgment could be rendered which could be enforced by any order, writ, or process from this court. It will be observed that the only relief susceptible of present enforcement that plaintiff asks, is that defendant be enjoined from interfering or attempting to interfere with him in the construction and completion of the transfers, inclines, etc.

"He does not allege nor prove that defendant has interfered with him in his proposed constructions, or that he contemplates doing so. Without some evidence of such wrongful acts or contemplated acts on the part of the defendant, it would not be proper to issue an injunction.

"It has been held that even apprehension of a threatened wrong is not enough to justify the issuance of the writ. A. & E. Ency. of Law, vol. 10, p. 783; 2 Ann. 337.

"Under the pleadings and evidence in this case, I doubt whether the court has any jurisdiction. See A. & E. Ency. of Law, vol. 12, p. 301, note 3. In any event, I do not think the plaintiff has set forth a state of facts which justifies the interference of the court just at the present time.

"It is, therefore, ordered, adjudged and decreed, that the plaintiff's demand be dismissed as in case of non-suit."

The plaintiff appealed.

## OPINION.

We understand the desirability to the plaintiff of a judicial construction at the present time, of the contract referred to in the pleadings, but it is not our province to construe contracts independently of existing issues and controversies making the same necessary. This

case, as properly stated by the district court, calls for no action of the court, under present circumstances.

The disposition to be made of it is controlled by the principles announced in the St. Mary's Wholesale Fruit and Vegetable Market Co. vs. City of New Orleans, 47 Ann. 212; Railroad Company vs. Construction Company, 49 Ann. 51; and State *ex rel.* Marr vs. Otero, 52 Ann. 1.

For the reasons assigned the judgment appealed from is affirmed.