POST ET AL., PLAINTIFFS AND RESPONDENTS, *v.* VEVE ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action for the Execution of a Deed.

No. 964.—Decided June 22, 1914.

ABSTRACT QUESTION—LACK OF CONTROVERSY—DECLARATION OF RIGHTS—JURISDICTION.—When, as in the case at bar, it is alleged that the plaintiffs are in possession as lessees of a property belonging to the defendants and the complaint alleges only that the defendants refuse to recognize them as lessees, without alleging any specific or concrete fact showing that the rights of the plaintiffs have been disturbed by the defendants, and the prayer of the complaint is that the court order the recognition of the right of the plaintiffs to hold as lessees the same property which they say they are in possession of, such complaint involves an abstract question which cannot be considered and decided by the court to which it was submitted.

ACTION FOR EXECUTION OF DEED—AMBIGUITY OF PRAYER—RECORD OF LEASE.—When, as in the case at bar, the plaintiffs pray in general terms in the complaint that the defendants be ordered to execute, jointly or severally, the documents necessary for recording the contract of lease in favor of the plain-

tiff company without specifying the documents necessary, the court has no ground upon which to render a clear and specific judgment which could be executed.

CROSS-COMPLAINT—ANSWER—PLEADING.—A cross-complaint must allege a cause of action against the plaintiff and not a defense to his cause of action, therefore when an answer to a complaint prays for judgment as a cross-complaint without complying with the provisions of section 115 of the Code of Civil Procedure, such judgment cannot be rendered.

The facts are stated in the opinion.

*Messrs. Armstrong & Keith* and *Luis Muñoz Morales* for the respondents.

*Messrs. Horacio S. Belaval* and *Arturo Aponte* for the appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 29, 1912, James H. Post, James Bliss Coombs and Lorenzo D. Armstrong, as trustees of The Fajardo Sugar Growers' Association, filed a verified complaint in the District Court of Humacao against Josefina and Concepción Veve y Díaz and their respective husbands, Prisco Vizcarrondo and José S. Belaval, in which they alleged the following facts:

*First.* That The Fajardo Sugar Growers' Association is a joint stock company with its headquarters in the City of New York and offices in the town of Fajardo, P. R., with capacity to sue and be sued and to transact business in this Island; that it is registered in the office of the Secretary of Porto Rico and that the three trustees mentioned are authorized to receive in its name as such trustees all titles to properties and rights of the company.

*Second.* That defendants Josefina and Concepción Veve y Díaz are of age and reside in Fajardo and San Juan, P. R., respectively, the former being married to Prisco Vizcarrondo and the latter to José S. Belaval.

*Third.* That by deed No. 27 executed before Notary Eugenio Benítez Castaño on March 31, 1906, the two defendants, Josefina and Concepción Veve, claiming to be the joint owners in common of a rural property called "Hacienda Aurora"

composed of 854 *cuerdas,* as described in the complaint, leased the same to the corporation The Esperanza Central Sugar Company.

*Fourth.* That the defendants acquired the said property by inheritance from their father and it was recorded *pro indiviso* in favor of both.

*Fifth.* That the term of the lease was eleven years, to expire on June 30, 1917, the rent being $2,400 for the first year and $4,800 a year for the following ten years to be paid in equal shares to each co-owner, and other incidental conditions were agreed upon and set out in the said contract of lease.

*Sixth.* That by virtue of an execution issued against the lessee corporation by the District Court of the United States for Porto Rico and by a judicial deed of sale executed before Notary Andrés B. Crosas, the lease was transferred to the corporation The Colonial Sugar Company.

*Seventh.* That by virtue of a, document executed in the City of New York on November 17, 1909, The Colonial Sugar Company transferred and granted its lease of the said property to James H. Post, James Bliss Coombs and Lorenzo D. Armstrong, as trustees of the joint stock company The Fajardo Sugar Growers' Association.

*Eighth.* That the plaintiffs as trustees of The Fajardo Sugar Growers' Association, with the knowledge and consent of the defendant owners, entered into and continued in possession of the Hacienda Aurora as lessees and have complied with each and all of the conditions of the lease, paying the defendants the rent agreed upon.

*Ninth.* That when the deed of lease was executed on March 31, 1906, the property leased was not recorded *pro indiviso* in the names of the leasing owners, but that by a deed executed before Notary Aldrey on September 13, 1897, it had been divided into five parcels which are described in the complaint and which were recorded separately in the names of

these defendants—two in the name of Josefina Veve and the remaining three in the name of Concepción Veve.

*Tenth.* That these five parcels of land are the same 854 *cuerdas* which were leased to The Esperanza Central Sugar Company, which lease the said company transferred to the plaintiff company and of which land the latter is in possession.

*Eleventh.* That as a result of the partition of the Hacienda Aurora neither the lessee corporation nor its predecessors in interest has been able to record the contract of lease.

*Twelfth.* That the defendants and their respective husbands refuse to acknowledge the right of the plaintiffs to hold the five parcels of land mentioned as lessees, and also to execute the necessary instrument to cure the defect which prevents the recording of the lease in the registry.

The complaint concludes with the prayer that "judgment be duly rendered declaring and acknowledging the right of the plaintiffs to hold the five parcels of land described in the complaint as lessees and decreeing that the defendants execute, jointly or separately, the instrument or instruments necessary for the recording of the lease of the said parcels of land in favor of the plaintiff company, under the same terms and conditions agreed upon with its grantor, The Esperanza Central Sugar Company, in the contract of March 31, 1906; and that the court make such other orders as may be necessary for the due compliance with and execution of the judgment, with costs and attorney's fees against the defendants."

In their verified answer to the complaint the defendants admitted the first allegation—that The Fajardo Sugar Growers' Association is a joint stock company with offices in New York and Fajardo, adding that it is organized under the laws of the State of New York and that it presented its articles of incorporation for registration in the office of the Secretary of Porto Rico on February 15, 1911; but they denied that it had authority to do business in this Island on November 17, 1909, on which date it claims to have received the transfer

of the lease of the Hacienda Aurora from The Colonial Sugar Company. They further alleged that its articles of incorporation confer no power or authorization upon the plaintiffs to sue as trustees of The Fajardo Sugar Growers' Association and, for lack of information, deny that such power and authorization have been conferred upon them by any other document.

The defendants admit the second, third, fourth, and fifth allegations of the complaint, namely, the civil status and residence of the defendants and their husbands; that Josefina and Concepción Veve y Díaz leased the Hacienda Aurora, as described in the complaint, to The Esperanza Central Sugar Company, and that they were the joint owners thereof; that they acquired the said property by inheritance from their father and that it was recorded *pro indiviso* in the registry in the names of both, and that the lease was for the term and amount of rent alleged by the plaintiffs.

The defendants admit the sixth allegation of the complaint—that execution proceedings were prosecuted in the Federal court against The Esperanza Central Sugar Company and that as a result a judicial deed of sale transferring the lease to The Colonial Sugar Company was executed, but they deny that in said proceedings or in the deed said right was transferred validly and legally.

They also admit the seventh allegation—that on November 17, 1909, the document by which The Colonial Sugar Company conveyed the lease to the plaintiffs as trustees of The Fajardo Sugar Growers' Association was executed in New York; but they deny that by virtue of that or any other document the said right of lease was validly and effectively assigned.

They deny the eighth allegation of the complaint—that the plaintiffs as trustees of The Fajardo Sugar Growers' Association are in possession of the Hacienda Aurora as lessees with the knowledge and consent of the defendants, and that they

have fulfilled the conditions of the contract and paid the rent agreed upon.

They admit the ninth allegation of the complaint except that part which avers that on March 31, 1906, when the contract of lease was entered into with The Esperanza Central Sugar Company, the property leased was not recorded *pro indiviso* in the registry in the name of defendant Concepción Veve, and allege that the deed of partition of the property was recorded by the attorneys for the plaintiffs in April of 1910.

They admit the tenth allegation—that is, the identity of the Hacienda Aurora and the five parcels of land into which it was divided—but deny that the plaintiffs are lawfully in possession of the said property or that it has been the object of a valid grant.

They deny the eleventh allegation of the complaint—that as a result of the partition of the property the lessee company or its predecessor in interest has been unable to record the contract of lease.

They admit the twelfth allegation, but deny the existence of the right to which the same refers.

As new matter of defense the defendants allege:

(*a*) That the proceedings by virtue of which, as the plaintiffs claim, The Colonial Sugar Company acquired the lease which is the object of the action, took place on July 6, 1909, at which time the said corporation had not been authorized to do business in Porto Rico, which requirement was not complied with until August 20, 1909, on which date the said company received such authorization from the Treasurer of the Island after a certificate of the filing of its articles of incorporation had been issued by the Secretary of Porto Rico on July 28 of the same year.

(*b*) That the corporation The Esperanza Central Sugar Company to which, according to the contract recited in the complaint, the Hacienda Aurora was leased, ceased to do business in this Island on November 16, 1910.

(c) That the defendants have made no contract nor had any juristic relations of any kind with the plaintiffs.

(d) That an action is pending before the District Court of Humacao for the same cause as the present and between the same parties, and that the said pending action was filed in the office of the secretary of that court under number 1692.

The answer concludes with the prayer that judgment be rendered as follows:

*First.* Decreeing that the acquisition by The Colonial Sugar Company of the contract of lease which is the object of this action is invalid and not exigible at law.

*Second.* Decreeing that the assignment of the said contract of lease alleged to have been made by The Colonial Sugar Company to the plaintiffs is null and void; and in any event, supposing that the latter may have acquired some title as successor of The Esperanza Central Sugar Company, that said title has become extinguished and void since the date on which the Esperanza Central Sugar Company ceased to do business in Porto Rico.

*Third.* That The Fajardo Sugar Growers' Association, a joint stock company, has no right to the possession or occupancy of the Aurora property which is described in the complaint, and that the plaintiffs be ordered to vacate the said property and leave it at the free disposal of the defendant owners within a period of three days from the rendition of judgment, reserving to them and to the other defendants the right to bring an action for such damages as they may have suffered.

*Fourth.* That the complaint be dismissed in all its parts with costs and attorney's fees against the plaintiffs.

The case went to trial and the District Court of Humacao rendered judgment on November 1, 1912, decreeing "That the law and the facts are in favor of the plaintiffs and against the defendants and that, therefore, it should be and is adjudged that the plaintiff corporation is entitled to hold the five parcels of land described in the complaint as lessee; and

it is ordered that the defendants, jointly or separately, within the period of five days after notice to that effect, proceed to execute the proper deeds or instruments necessary for the recording of the said contract of lease in favor of the plaintiff corporation, with the costs and attorney's fees against the defendants.''

From the foregoing judgment counsel for the defendants took the present appeal, which, after the due formalities of law, is submitted to us for consideration and decision.

The appellants allege several grounds for the reversal of the judgment appealed from, but it is unnecessary to consider them if, as we think, an analysis of the complaint is sufficient to support such reversal.

According to the wording of the prayer of the complaint, the plaintiff company prays for a judgment with two pronouncements, namely, an acknowledgment of its right to hold as lessee the five parcels of land into which the Hacienda Aurora was divided and the execution by the defendants of such deed or deeds as may be necessary for recording said contract of lease in the name of the plaintiff corporation.

Several of the allegations of the complaint tend to show that the plaintiff corporation is in possession of the five parcels of land in question as lessee, but there is not a single allegation indicating that said corporation has been disturbed in such possession and that for that reason a conflict of rights has arisen between the plaintiffs and the defendants. The twelfth allegation of the complaint to the effect that the defendants and their respective husbands refuse to acknowledge the right of the plaintiffs to hold the five parcels of land as lessees, does not involve such a conflict, for, in a case of this kind, said refusal does not disturb or affect any right of the plaintiffs in their capacity as lessees on which they rely. This relationship imposes obligations upon the defendants as lessors and it is not alleged that any of said obligations have been disregarded or violated by them. Their verbal refusal to acknowledge the rights of the plaintiffs as lessees

is of little consequence if they do not actually and positively disturb or infringe such rights. A violation of the stipulations or conditions of the contract of lease by the defendants would give the plaintiffs the right to bring the proper action on the contract of lease for the fulfilment thereof and in that action the existence of the contract of lease and its conditions could be considered if its existence and conditions were put in issue by the defendants; but as the plaintiffs, as they allege, hold the right of lease and do not allege any particular and specific act showing a disturbance of such right by the defendants, their prayer that their right to hold the same land which they say they are in possession of, be decreed and recognized involves an abstract question which cannot be considered and decided by the court to which it was submitted.

As we said in deciding the case of *The Property Owners' League* v. *The City of San Juan,* 14 P. R. R., 85, "The courts are open to every one 'for an injury done him in his land, goods, person, or reputation.' Courts need not and cannot determine fictitious controversies. Consent of the parties to a suit cannot give a court jurisdiction over the subject matter when it is not authorized by law."

In another later case, *Centro de Detallistas de San Juan* v. *A. Vincente & Co. et al.,* 17 P. R. R., 846, this court held that the complaint having failed to allege that a concrete and positive act detrimental to the plaintiff had been committed, no grounds existed for a judicial controversy to be decided by the courts. See also the case of *San Juan Hippodrome Company* v. *Insular Racing Commission,* decided June 15 of the present year.

As American jurisprudence in harmony with our own, we cite the doctrine laid down in the decisions in the following cases: *Brewington* v. *Lowe,* 1 Ind., 21, 48 Am. Dec., 349; *Southern Ry. Co.* v. *State,* 42 S. E., 508, 116 Ga., 276; *New Orleans & N. W. Ry. Co.* v. *Linehan Ferry Co.,* 28 So., 480, 104 La., 53.

Nor is it proper to give judgment in the terms of the sec-

ond pronouncement prayed for in the complaint. The contract of lease in question may be recorded in the registry of property in the name of the plaintiffs after the recording of the deed of November 17, 1909, by which The Colonial Sugar Company granted and assigned to said plaintiffs its right of lease to the Hacienda Aurora, but that record cannot be made without first recording the judicial deed of sale by which The Colonial Sugar Company acquired the lease held by The Esperanza Central Sugar Company of the same property by virtue of the deed of March 31, 1906, for the prior recording of the said deed of March 31, 1906, is an indispensable requisite to the recording of the sale of the lease to The Colonial Sugar Company. Article 20 of the Mortgage Law provides that in order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record.

This being so, as it has not been possible to record the lease of the Hacienda Aurora in the name of The Esperanza Central Sugar Company, as alleged in the complaint, on account of the partition of the said property, the plaintiffs, instead of praying in general terms that the defendants be ordered to execute, jointly or separately, the necessary instruments for the recording of the contract of lease in the name of the plaintiff company, should have specified what documents were required so that the defendants could have been heard on the necessity for executing the same and the court would be in a position to render a definite and concrete decision as to the obligation of the defendants to execute the same.

The prayer that the defendants be directed to execute, jointly or separately, the documents necessary for recording the contract of lease in favor of the plaintiff company cannot be granted, for it is impossible to know whether after recording the lease of the Hacienda Aurora in the name of

The Esperanza Central Sugar Company the registrar of property would grant or deny the admission to record of the subsequent deed of sale of that right at public auction to The Colonial Sugar Company and of the deed of assignment to The Fajardo Sugar Growers' Association. The registrar would have to censure said documents and if he denied their admission to record an appeal could be taken to this court from his decision. At present only the recording of the lease of the Aurora property in the name of The Esperanza Central Sugar Company can be sought as a prerequisite to the successive records.

The issue has not been joined in the proper manner and if the claim of the plaintiffs were granted in the general terms in which it is presented, this might give rise to the rendition of a judgment which would be impossible of execution by the marshal if the defendants should refuse compliance therewith.

In the answer to the complaint, besides praying for a dismissal of the same in all its parts, counsel for the defendants prayed that other pronouncements be made, but we do not give this consideration because the answer itself contains only matter of defense alleged as such and does not set up allegations constituting a cross-complaint, as required by section 115 of the Code of Civil Procedure.

In order that a cross-complaint may be considered as such, the allegations on which it is based must be set out separately as a cause of action against the plaintiffs and not as a defense to the cause of action of the plaintiffs. *Doyle v. Franklin,* 40 Cal., 110; *Jones v. Jones,* 38 Cal., 585; *Blum v. Robertson,* 24 Cal., 141; *Cal. P. R. R. Co. v. Cen. P. R. R. Co.,* 47 Cal., 549.

For the foregoing reasons the judgment appealed from should be reversed with costs in the usual manner, reserving to the plaintiffs such rights as they may deem themselves to

have to be asserted in the proper manner for the ends sought in their complaint.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.