Post et al., Demandantes y Apelados, *v.* Veve et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Humacao en un caso sobre otorgamiento de escritura.

No. 964.—Resuelto en junio 22, 1914.

Cuestiones Abstractas—Falta de Conflicto Entre las Partes—Declaración de Derechos—Falta de Motivos para la Intervención de los Tribunales.—Cuando, como en el caso de autos, se alega que la parte demandante está en posesión de una finca en concepto de arrendataria, cuya propiedad corresponde a los demandados, y sólo se alega en la demanda que éstos se niegan a reconocer a aquéllos como arrendatarios, pero sin expresar hecho alguno concreto y específico demostrativo de la perturbación de tal derecho por parte de los demandados, y en la súplica de la demanda se pide que se declare y reconozca el derecho de los demandantes a poseer en concepto de arrendatarios el mismo terreno que dice está poseyendo, tal demanda envuelve una cuestión abstracta que no puede ser considerada y decidida por el tribunal a que fué sometida.

Acción Sobre Otorgamiento de Escrituras—Falta de Precisión en la Súplica de la Demanda—Inscripción de Arrendamiento.—Cuando, como en el caso de autos, la parte demandante pide en términos generales en la súplica de su demanda que se obliguen a las demandadas a otorgar juntas o separadamente los documentos necesarios para inscribir el derecho de arrendamiento a favor de la sociedad demandante, sin precisar cuales son esos documentos, carece de base el tribunal para poder dictar una sentencia clara y precisa que pueda ser cumplida.

Contrademanda—Contestación a la Demanda—Petición de Pronunciamientos Especiales.—Para que exista contrademanda es preciso que las alegaciones en que se funda se expresen como causa de acción contra el demandante y no como una defensa contra su causa de acción, por lo que cuando en una

contestación a la demanda se piden pronunciamientos propios de una contrademanda sin cumplir con el precepto del artículo 115 del Código de Enjuiciamiento Civil, no cabe hacer tales pronunciamientos.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. Armstrong & Keith* y *Luis Muñoz Morales.*

Abogados de los apelantes: *Sres. Horacio S. Belaval* y *Arturo Aponte, Jr.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 29 de febrero de 1912, James H. Post, James Bliss Coombs y Lorenzo D. Armstrong, como síndicos de The Fajardo Sugar Growers' Association, radicaron en la Corte de Distrito del Distrito Judicial de Humacao una demanda jurada contra Josefina y Concepción Veve y Díaz y sus respectivos consortes Prisco Vizcarrondo y José S. Belaval en que alegan los siguientes hechos:

*Primero.* Que The Fajardo Sugar Grower's Association es una compañía por acciones con su oficina principal en la ciudad de New York, y oficinas en el pueblo de Fajardo, P. R., con capacidad para demandar y ser demandada, y hacer negocios en esta Isla, y registrada en la Secretaría de Puerto Rico, y que los tres síndicos nombrados están autorizados para recibir a su nombre como tales síndicos, todos los títulos de las fincas y derechos de la compañía.

*Segundo.* Que las demandadas Doña Josefina y Doña Concepción Veve y Díaz, son mayores de edad y vecinas respectivamente de Fajardo y San Juan, P. R., estando casada la primera con Don Prisco Vizcarrondo y la segunda con Don José S. Belaval.

*Tercero.* Que por escritura otorgada en 31 de marzo de 1906 ante el notario Sr. Benítez Castaño, bajo el número 27, las dos demandadas Doña Josefina y Doña Concepción Veve, ostentando el carácter de dueñas en común proindiviso dieron en arrendamiento a la corporación Esperanza Central Sugar Company, una finca rústica denominada "Hacienda Aurora,"

compuesta de 854 cuerdas de terreno tal como se describe en la demanda.

*Cuarto.* Que las demandadas adquirieron dicha finca por título de herencia paterna, y se hallaba inscrita proindiviso a favor de ambas.

*Quinto.* Que el plazo del arrendamiento fué de 11 años que finalizarían el 30 de junio de 1917, y su canon durante el primer año la suma de $2,400, y durante los diez años siguientes $4,800 que debían pagarse por mitad a cada condueña, estipulándose otras condiciones accesorias que constan en dicho contrato.

*Sexto.* Que en virtud de ejecución seguida contra la corporación arrendataria ante la Corte de Distrito de los Estados Unidos para Puerto Rico, y por escritura de venta judicial otorgada ante el notario Don Andrés B. Crosas, fué transferido el derecho de arrendamiento a la corporación Colonial Sugar Company.

*Séptimo.* Que en virtud de documento suscrito en la ciudad de New York en 17 de noviembre de 1909 la Colonial Sugar Company a su vez transmitió y cedió su derecho de arrendamiento de la indicada finca a favor de James H. Post, James Bliss Coombs y Lorenzo D. Armstrong, como síndicos (*trustees*) de la sociedad The Fajardo Sugar Growers' Association.

*Octavo.* Que los demandantes en su carácter de síndicos (*trustees*) de la Fajardo Sugar Growers' Association, con conocimiento y consentimiento de las dueñas demandadas, entraron y continúan en posesión, en calidad de arrendatarios de la Hacienda Aurora y han cumplido todas y cada una de las condiciones del arrendamiento pagando a las demandadas el canon estipulado.

*Noveno.* Que al otorgarse la escritura de arrendamiento de 31 de marzo de 1906, ya la finca arrendada no figuraba inscrita proindiviso a nombre de las dueñas arrendadoras, sino que se había dividido según escritura otorgada ante el notario Aldrey el 13 de septiembre de 1897 en 5 parcelas que se

describen en la demanda y fueron inscritas separadamente a nombre de las mismas demandadas, dos de ellas a nombre de Doña Josefina Veve y las tres restantes a nombre de Doña Concepción Veve.

*Décimo.* Que esas cinco parcelas de terreno son las mismas 854 cuerdas que fueron objeto del contrato de arrendamiento con The Esperanza Central Sugar Company y las mismas cuyo arrendamiento fué cedido a la sociedad demandante y lo está ésta poseyendo.

*Undécimo.* Que a consecuencia de la operación de división material de la Hacienda Aurora no ha sido posible a la corporación arrendataria ni a su cesionarias inscribir el derecho de arrendamiento.

*Duodécimo.* Que las demandadas y sus respectivos esposos se niegan a reconocer el derecho de la demandante para poseer en concepto de arrendataria las cinco parcelas de terreno mencionadas, y también a formalizar el documento necesario para subsanar el defecto que impide la inscripción de su arrendamiento en el registro.

La demanda concluye con la súplica de que, ''en su día se dicte sentencia declarando y reconociendo el derecho de la demandante a poseer en concepto de arrendataria las cinco parcelas de terreno descritas en la demanda, condenando a ambas demandadas a otorgar juntas o separadamente el documento o documentos con las aclaraciones necesarias para inscribir el derecho de arrendamiento a favor de la sociedad demandante, sobre dichas parcelas de terreno, bajo el mismo plazo y condiciones estipuladas con la corporación cedente The Esperanza Central Sugar Company, en escritura de 31 de marzo de 1906; y asimismo se dicten las demás disposiciones necesarias para el debido cumplimiento y ejecución de la sentencia, con las costas a las demandadas, honorarios de abogado inclusive.

Los demandados al formular contestación jurada a la demanda admiten la alegación primera, o sea, que The Fajardo Sugar Growers' Association es una compañía por acciones

que tiene sus oficinas en New York y Fajardo, y agregan que ha sido constituída en el estado de New York con arreglo a la legislación del mismo, y que ha presentado sus cláusulas de incorporación para ser registradas en la oficina del Secretario de Puerto Rico, el día 15 de febrero de 1911; pero niegan que tuviera capacidad para hacer negocios en esta Isla en 17 de noviembre de 1909 en que dice haber celebrado con la Colonial Sugar Company el contrato de cesión de arrendamiento de la Hacienda Aurora, alegando además que sus cláusulas constitutivas no confieren poder ni facultades a los demandantes para establecer la demanda como síndicos de The Fajardo Sugar Growers' Association, y negando por falta de información que por algún otro documento les hayan sido conferidas dichas facultades y poder.

Admiten los demandados las alegaciones segunda, tercera, cuarta y quinta de la demanda, a saber, el estado civil y vecindad de las demandadas y sus esposos, que Doña Josefina y Doña Concepción Veve y Díaz dieron en arrendamiento a The Esperanza Central Sugar Company la Hacienda Aurora, según se describe en la demanda, y de que eran dueños en común proindiviso, que adquirieron dicha finca por herencia paterna y estaba inscrita proindiviso en el registro a nombre de ambas, y que el arrendamiento fué estipulado con las condiciones de plazo y precio que afirman los demandantes.

Admiten los demandados la alegación sexta de la demanda, o sea, que contra The Esperanza Central Sugar Company se siguió un procedimiento ejecutivo en la Corte Federal, y que como consecuencia del mismo se otorgó escritura de venta judicial traslativa del derecho de arrendamiento a favor de la corporación Colonial Sugar Company, pero niegan que en el procedimiento o en la escritura se haya transmitido dicho derecho válida y legalmente.

También admiten la alegación séptima, o sea, que se otorgó en New York el 17 de noviembre de 1909 el documento de cesión de derecho de arrendamiento por la Colonial Sugar Company a favor de los demandantes como síndicos de The

Fajardo Sugar Growers' Association; pero niegan que por ese documento o por otro alguno se haya transmitido válida y eficazmente dicho derecho de arrendamiento.

Niegan la alegación octava de la demanda, o sea, que los demandantes como *trustees* de The Fajardo Sugar Growers' Association, con conocimiento y consentimiento de los demandados, estén en posesión de la Hacienda Aurora en calidad de arrendatarios, y hayan cumplido las condiciones del contrato y satisfecho el canon estipulado.

Aceptan el hecho noveno de la demanda, excepto en la parte relativa a que en la fecha de 31 de marzo de 1906, en que se celebró el contrato de arrendamiento con la Esperanza Central Sugar Company, no estuviera inscrita proindiviso en el registro a nombre de la demandada Doña Concepción Veve, la finca arrendada, y alegan que la escritura de división material de la finca fué inscrita por los abogados mismos de la parte actora en abril de 1910.

Admiten la alegación décima, o sea, la identidad de la Hacienda Aurora, y de las cinco parcelas de terreno en que fué dividida, pero niegan que los demandantes estén poseyendo legalmente dicha finca y que ésta haya sido objeto de cesión válida.

Niegan la alegación undécima de la demanda, o sea, que a consecuencia de la operación de división material de la finca no haya sido posible a la corporación arrendataria, ni a sus cesionarias, inscribir el derecho de arrendamiento.

Admiten la alegación duodécima, pero niegan la existencia del derecho a que la misma se refiere.

Como materia nueva alegan los demandados en concepto de defensa:

(*a*) Que el procedimiento en que según afirman los demandantes adquirió la Colonial Sugar Company el derecho de arrendamiento objeto de la demanda, tuvo lugar el 6 de julio de 1909, en cuya fecha no había sido autorizada aún dicha corporación para hacer negocios en Puerto Rico, requisito que no fué cumplido hasta el 20 de Agosto de 1909 en que se expi-

dió a la propia corporación la autorización correspondiente por el Tesorero de esta Isla, previa la certificación del archivo de sus cláusulas, librada en 28 de julio del año propio, por el Secretario de Puerto Rico.

(*b*) Que la corporación The Esperanza Central Sugar Company a la cual fué arrendada la Hacienda Aurora, según el contrato relacionado en la demanda, cesó de hacer negocios en esta Isla desde el 16 de noviembre de 1910.

(*c*) Que los demandados no han celebrado contrato alguno ni tenido relación jurídica de alguna clase con los demandantes.

(*d*) Que existe ante la misma Corte de Distrito de Humacao una acción pendiente por la misma causa que la del presente pleito y entre las mismas partes, y que esa acción pendiente aún fué radicada en la secretaría de aquella corte bajo el número 1692.

La contestación termina con la súplica de que se hagan por sentencia los siguientes pronunciamientos:

*Primero*. Declarar que la adquisición hecha por la Colonial Sugar Company del derecho de arrendamiento objeto de la demanda, no es válida ni exigible ante la ley.

*Segundo*. Declarar nula y sin ningún valor ni efecto legal la cesión del mismo derecho de arrendamiento que se alega haber hecho la Colonial Sugar Company a favor de los demandantes; y en todo caso, en la hipótesis de que algún título hubieran éstos adquirido como sucesores de The Esperanza Central Sugar Company, dicho título ha quedado extinguido y sin efectos legales desde la fecha en que The Esperanza Central Sugar Company cesó de hacer negocios en Puerto Rico.

*Tercero*. Que The Fajardo Sugar Growers' Association, compañía por acciones, no tiene derecho a poseer ni ocupar la finca Aurora que en la demanda se describe, condenando a los demandantes a que en término de tres días desde que se dicte la sentencia dejen dicha finca a la libre disposición de las propietarias demandadas, con reserva de acción a éstas

y los otros demandados para reclamar los correspondientes daños y perjuicios.

*Cuarto.* Desestimar la demanda en todas sus partes con las costas a los demandantes, honorarios de abogado inclusive.

Celebrado el juicio la Corte de Distrito de Humacao dictó sentencia en 1 de noviembre de 1912, por la que decide: "Que la ley y los hechos están a favor de la parte demandante, y en contra de la demandada, y por tanto debe declarar y declara que la corporación demandante tiene derecho a poseer en concepto de arrendataria las cinco parcelas de terreno descritas en la demanda, y asimismo ordena que las partes demandadas procedan conjunta o separadamente y dentro del período de cinco días, después de haber sido requeridas para ello, a otorgar las correspondientes escrituras o documentos con las aclaraciones necesarias para que dicho contrato de arrendamiento pueda inscribirse a favor de la corporación demandante, con las costas y honorarios de abogado en contra de los demandados."

Contra la anterior sentencia interpuso la representación de los demandados, recurso de apelación para ante esta Corte Suprema, sometido a nuestra consideración y decisión, después de corridos los trámites legales.

Varios son los motivos que invoca la parte apelante para sostener la revocación de la sentencia apelada, pero huelga considerarlos si el solo examen de la demanda es bastante, como opinamos, para llegar a dicha revocación.

Atendidos los términos en que está redactada la súplica de la demanda, dos son los pronunciamientos que la parte demandante solicita se hagan en la sentencia, a saber, reconocimiento de su derecho a poseer en concepto de arrendataria las cinco parcelas de terreno en que fué dividida la Hacienda Aurora, y otorgamiento por las demandadas del documento o documentos necesarios para inscribir aquel derecho de arrendamiento a favor de la sociedad demandante.

Varias de las alegaciones de la demanda tienden a mostrar que la corporación demandante posee en concepto de arrenda-

taria las cinco parcelas de terreno de que se trata, pero no
hay una sola alegación indicativa de que dicha corporación
haya sido perturbada en la posesión que disfruta y que con
tal motivo haya surgido un conflicto de derechos entre las
partes demandante y demandada.   La alegación 12ª. de la
demanda, de que las demandadas y sus respectivos esposos
se niegan a reconocer el derecho de la demandante a poseer
en concepto de arrendataria las cinco parcelas de terreno,
no envuelve semejante conflicto, pues en un caso como el
presente, aquella negativa no perturba o lesiona derecho al-
guno de la demandante en el concepto que invoca de arrenda-
taria.   De ese concepto se derivan obligaciones por parte
de las demandadas en concepto de arrendadoras y no se alega
que éstas hayan desatendido o infringido alguna de dichas
obligaciones.   Poco importa que de palabra se nieguen a
reconocer a la demandante el derecho de arrendataria, si real
y positivamente no perturban o lesionan ese derecho.   La
infracción de las estipulaciones o condiciones del contrato de
arrendamiento por las demandadas, daría lugar por parte de
la demandante al ejercicio de la acción correspondiente deri-
vada del contrato de arrendamiento para obtener el cum-
plimiento de aquéllas y mediante esa acción podrían traerse
a discusión la existencia del contrato de arrendamiento y
sus condiciones, si su existencia y alcance fueren puestos en
tela de juicio por las demandadas; pero como la demandante,
según afirma, está en posesión del derecho de arrendamiento
y no alega hecho alguno concreto y específico demostrativo
de la perturbación de tal derecho por parte de los deman-
dados, su petición de que se le declare y reconozca el derecho
a poseer en concepto de arrendataria el mismo terreno que
dice está poseyendo, envuelve una cuestión abstracta que no
puede ser considerada y decidida por la corte a que fué some-
tida.

Según dijimos al resolver el caso de *La Liga de Propie-
tarios* v. *La Ciudad de San Juan,* 14 D. P. R., 86, ''Las cortes

están abiertas para todo el mundo por cualquier perjuicio que se le haya causado en sus terrenos, bienes, persona o reputación.  Las cortes no tienen la obligación de, ni pueden, resolver controversias ficticias.  El consentimiento de las partes en un pleito no puede conferir a un tribunal jurisdicción sobre la materia de un litigio cuando no está autorizada por la ley."

En otro caso posterior, *El Centro de Detallistas de San Juan v. A. Vicente & Co. et al.,* 17 D. P. R., 881, estableció esta corte, que no alegándose en la demanda que se hubiera realizado un solo acto concreto y positivo en perjuicio del demandante, faltaba base para una controversia jurídica que debiera ser resuelta por los tribunales de justicia.  Véase también el caso de *The San Juan Hippodrome Company* v. *Comisión Hípica Insular,* decidido en 15 de junio corriente.

Como jurisprudencia americana conforme con la nuestra, podemos invocar la establecida en las decisiones dictadas en los siguientes casos:

*Brewington* v. *Lowe,* 1 Ind., 21, 48 Am. Dec., 349.

*Southern Ry. Co.* v. *State,* 42 S. E., 508, 116 Ga., 276.

*New Orleans & Northwestern Ry. Co.* v. *Linehan Ferry Co.,* 28 So. 840, 104 La., 53.

Tampoco procede hacer por sentencia el segundo pronunciamiento que se solicita en la demanda.  El derecho de arrendamiento de que se trata podrá inscribirse en el Registro de la Propiedad a favor de los demandantes cuando se haya verificado la inscripción del documento de 17 de noviembre de 1909 por el que la Colonial Sugar Company cedió y transmitió a favor de la parte demandante su derecho de arrendamiento sobre la Hacienda Aurora; pero esa inscripción no puede verificarse sin hacerse antes la de la escritura de venta judicial por la que la Colonial Sugar Company adquirió el derecho de arrendamiento que tenía The Esperanza Central Sugar Company sobre la misma finca en virtud de la escritura de 31 de marzo de 1906, pues la inscripción de esa escritura

de 31 de marzo de 1906 es requisito previo indispensable para la de la venta del derecho de arrendamiento a favor de la Colonial Sugar Company. El artículo 20 de la Ley Hipotecaria ordena que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

Siendo ello así, como la inscripción del arrendamiento de la Hacienda Aurora a favor de The Esperanza Central Sugar Company no ha podido llevarse a efecto según se alega en la demanda a consecuencia de la operación de división material de dicha hacienda, ha debido la parte actora, en vez de pedir en términos generales que se obligue a las demandadas a otorgar juntas o separadamente los documentos necesarios para inscribir el derecho de arrendamiento a favor de la sociedad demandante, precisar cuáles son esos documentos para que de ese modo las demandadas hubieran sido oídas sobre la necesidad de otorgarlos, y la corte estuviera en condiciones de dictar una resolución concreta y determinada sobre la obligación de su otorgamiento por las demandadas.

No hay términos hábiles para acceder al pedimento de que las demandadas sean condenadas a otorgar juntas o separadamente los documentos necesarios para inscribir el derecho de arrendamiento a favor de la sociedad demandante, pues no es posible saber si después de inscrito el contrato de arrendamiento de la Hacienda Aurora a favor de The Esperanza Central Sugar Company, el registrador de la propiedad concederá o denegará la inscripción de las otras dos escrituras posteriores de venta de ese derecho en pública subasta a la Colonial Sugar Company, y de cesión a favor de The Fajardo Sugar Growers' Association. La calificación de esos documentos incumbirá al registrador y contra su resolución, si fuere denegatoria de la inscripción, podrá interponerse recurso para ante esta Corte Suprema. Hoy por hoy sólo puede gestionarse como requisito previo para las inscripcio-

nes sucesivas, la de la escritura de arrendamiento de la Hacienda Aurora a favor de The Esperanza Central Sugar Company.

El debate judicial no se ha presentado en forma debida y de accederse a la pretensión de la demandante en los términos generales en que ha sido formulada, podría darse el caso de dictarse una sentencia de imposible ejecución por parte del márshal a quien se encomendara la misma, si las demandadas se negaran a su cumplimiento.

La representación de la parte demandada al contestar la demanda, además de solicitar que se desestime en todas sus partes, interesa que se hagan otros pronunciamientos en cuyo examen no entramos, porque la contestación propiamente sólo contiene materia de defensa alegada como tal, y no consigna alegaciones determinantes de una contrademanda, según exige el artículo 115 del Código de Enjuiciamiento Civil.

Para que la contrademanda sea considerada como tal es preciso que las alegaciones que motivan la misma se expresen separadamente como causa de acción contra el demandante y no como una defensa contra la causa de acción del demandante. *Doyle* v. *Franklin,* 40 Cal., 110; *Jones* v. *Jones,* 38 Cal., 585; *Blum* v. *Robertson,* 24 Cal., 141; *California Pac. R. R. Co.* v. *Central Pac. R. R. Co.,* 47 Cal., 549.

Por las razones expuestas, es de revocarse la sentencia apelada con las costas en la forma ordinaria, reservando a la parte demandante el derecho de que se crea asistida para su ejercicio en la forma correspondiente a los fines que persigue en su demanda

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.