SKINNER v. ROBERTS.

1. When an order appears in the transcript of the record which could be regularly and properly granted by the superior court in term time only, and there is nothing to show that it was in fact granted at chambers or in vacation, the presumption is that it was granted in term.

2. Where an order granted in term for the hearing of a motion for a new trial in vacation is vague and indefinite as to the time and place of hearing, leaving the same open to be agreed upon by the judge and the counsel concerned, and the motion is in fact heard on a given day, no objection (so far as appears) being made to the time or place of the hearing, the indefiniteness of the order is not proper matter for exception in the bill of exceptions brought to this court.

3. Though the recitals of fact in a motion for a new trial, or an amendment thereto, may not be otherwise sufficiently verified by the judge, his granting a new trial is ample verification.

4. Where a homestead was taken in 1874 upon an application reciting that it was claimed under the act of 1868, and the amendments thereto, for the benefit of the applicant's family, this was a sufficient statement, *prima facie*, that the applicant was the head of such family as the recited act contemplated.

5. Where a homestead was taken upon premises to which the head of the family had no title except an unrecorded deed, and this deed was afterwards returned by him to the maker to be destroyed, who did destroy it, and at the request of the homesteader executed a deed conveying the premises in fee simple to the latter's wife, which deed was duly recorded, so that thereafter an examination of the record of deeds would show title in the wife but none whatever in the husband, a mortgage subsequently executed by her to secure a loan of money made to her by procurement of the husband, he disclaiming all title in himself to the premises and

asserting that the title was in her, would bind the property, as
. against the homestead right, if the mortgagee parted with his
money upon the faith of the security and without notice of the
destroyed deed or of any title in the husband which passed
thereby.

6. A tax execution issued by a tax-collector after he goes out of office
is not a legal process, and any sale of property thereunder is a
mere nullity. If the collector's official term had expired, but his
successor had not qualified, he would still be in office, so long as
he acted officially.

7. The court was not only warranted in granting a new trial, but
could not have done otherwise.　　　　　*Judgment affirmed.*

April 3, 1893. Argued at the last term.

Levy and claim. Before Judge MILNER. Floyd superior court. March term, 1892.

A mortgage *fi. fa.* in favor of Roberts, transferee of Tallman, against Mrs. Margaret A. Skinner, dated July 31, 1891, was levied upon the lands therein described. Mrs. Skinner interposed a claim for herself as widow, and as next friend for the minor children, of J. J. Skinner, alleging that she and they were the beneficiaries of a homestead set apart in the property. The jury found the property not subject. Plaintiff moved for a new trial, which was granted. Claimant excepted, alleging that none of the grounds in the original or amended motion were sufficient to authorize the grant of a new trial; that it was not proper for the court to consider the motion at chambers or pass any order therein, insisting that there was no proper order passed in term time authorizing the motion to be heard or considered at chambers; and that the amended motion for new trial was not properly made and certified to be true, and therefore should not be considered.

At the trial term the grounds of the original motion were certified to be true and correct, and it was ordered that claimants show cause at a placed named, on June 8, 1892, or at such other time and place to be agreed upon by counsel and the judge, why the motion should

not be granted. The only order appearing upon the amended motion was, that the amendment was allowed and ordered to be filed July 23, 1892. The motion was heard on July 23, 1892, and the order granting it was passed at chambers on July 29, 1892. No order appears in the record continuing the hearing from June 8 to July 23, nor does it appear that there was any motion to dismiss, or any objection to the motion as amended being considered by the judge.

It appears from the evidence that the mortgage from Mrs. Skinner to Tallman, upon which the *fi. fa.* was based, was dated October 3, 1883, and stated that the lands were unincumbered and her title thereto perfect. On September 27, 1876, A. C. Morrison conveyed the land to Mrs. Skinner by warranty deed. It was conveyed by the sheriff to S. C. Trout, by deed dated July 2, 1878, under a tax *fi. fa.* against J. J. Skinner for State and county taxes for 1875, and plaintiff introduced tax *fi. fas.* for 1875 and 1876, both of which appeared by entries thereon to have been duly levied on the land as described in the sheriff's deed. S. C. Trout conveyed the land to Mrs. Skinner, by deed dated July 1, 1879. In 1872 Morrison executed a deed to J. J. Skinner, conveying the land in dispute, taking notes for a balance of purchase money; and subsequently Skinner returned this deed and requested that one in lieu thereof be made to Mrs. Skinner, and Morrison received the first deed back from Skinner and destroyed it. There were no entries of reconveyance on the deed, nor was there a reconveyance otherwise. This deed was never recorded. Morrison at once executed another deed in lieu of it to Mrs. Skinner. J. J. Skinner returned the land in dispute, with other land not included in the homestead, for taxes for the year 1875. The attorney who negotiated the loan to Mrs. Skinner testified, that it was negotiated through Skinner as her agent, witness acting at the

instance of Skinner for Mrs. Skinner; that Skinner disclaimed all title to the land, and explaining the tax sale said the land was erroneously given in as his and should have been given in for his wife, and that he never had any title to the land; that witness never saw the record of the homestead until his attention was called to it by threats of this suit; that the title being in the wife, he did not fear a homestead and did not look for one.

The motion for a new trial alleges, that the court erred in admitting in evidence the record of a homestead granted to J. J. Skinner, setting apart the property in dispute, over plaintiff's objection that the record showed that the applicant for homestead failed to allege in his application that he was the head of a family, or guardian or trustee for a family of minor children. (The application of Skinner for homestead asked the benefit of the act of October 3, 1868, and the amendatory acts, and stated that the application was for the benefit of his family, without stating of whom his family consisted. It was approved November 24, 1874.)

Other grounds of the motion allege that the court erred in charging: "Unless he [plaintiff] did have notice, or if he did not have notice, actual or constructive notice of the homestead estate, then the property would not (?) be subject; but if he had any actual or constructive notice of it, then it would not be subject. If you should find that he [plaintiff] had [notice], then he could not subject this property. If on the other hand you find that he did have, under the rule which the court has given you, such notice as would be actual or constructive, then the property would not be subject.

"In reference to that tax paper, that tax title, I will also give you this rule of law as applicable to it: that the sale of property at a tax sale or on execution sale would not carry to the purchaser a greater interest than

the defendant in *fi. fa.* had for himself in the property; and if you find from the evidence that this property, although it was contained in the tax returns of J. J. Skinner for that year, if there is a tax execution issued for his taxes due the State and county, although this property may be contained in the return, yet if you find, under the evidence and rule of law given you in charge, that this was the estate of J. J. Skinner at the time of the sale, the sheriff selling would only convey the interest J. J. Skinner himself had; and if it was a homestead estate, that would not convey that homestead right, whatever it is.

"If you find from the evidence that A. C. Morrison conveyed this land to J. J. Skinner in 1872, and delivered the deed to Skinner, and after that time Skinner redelivered the deed, the effect of that would not be in law to convey the title back to Morrison from J. J. Skinner, and the conveyance on the part of Morrison to M. A. Skinner would have no bearing upon the rights of the parties here and will not vest the title in her."

DEAN & SMITH, for plaintiff in error.

JUNIUS F. HILLYER, *contra.*