## SOUTHERN RAILWAY CO. *v.* STATE OF GEORGIA.

1. A lessor of real property has no right of action against a third party for the use and occupation of a portion of the leased premises during the period of the lease and at a time when the lessee was entitled to the possession of the property. Where there is no injury to the freehold, the right of action, if any, is in the lessee.
2. A declaratory action is not maintainable in this State. Accordingly, where a plaintiff files a petition alleging that the defendant is in possession of certain land, and setting up facts which plaintiff claims show that he has title and that the defendant has no title or right of possession, and invoking no injunction, judgment, or decree save that the court decide the law and declare the legal rights of the parties, a demurrer to such petition should be sustained.

*Argued June 24, — Decided August 9, 1902.*

Equitable petition. Before Judge Fite. Whitfield superior court. October 2, 1902.

*Dorsey, Brewster & Howell* and *Shumate & Maddox,* for plaintiff in error. *Boykin Wright, attorney-general, E. T. Brown,* and *H. N. Randolph,* contra.

SIMMONS, C. J. The State of Georgia brought suit against the Southern Railway Company. The petition alleged that the plaintiff was the owner of a railroad, known as the Western and Atlantic Railroad, extending from Atlanta, Georgia, to Chattanooga, Tennessee; that this railroad had been operated directly by the

plaintiff until 1870, when it was leased to a named corporation for twenty years; that upon the expiration of this lease, December 27, 1890, the railroad was leased, for the twenty-nine years next ensuing, to the Nashville, Chattanooga and St. Louis Railway, which became under the law a corporation of the State of Georgia under the name and style of the Western and Atlantic Railroad Company, the lease being made pursuant to an act of the General Assembly approved November 12, 1889, to which reference was prayed; that at the time of this last lease a certain railway company was using and occupying a portion of the right of way of the Western and Atlantic yards in the city of Dalton to a point on the right of way about seven miles south from the yards; that this use and occupation was maintained by this company until July, 1894, when all of its assets were sold by judicial decree and purchased by the defendant, since which time the defendant had used and occupied the described portion of the right of way. The petition then set out certain claims which the defendant, as successor of other companies, was alleged to assert to this part of the right of way, and reasons why the plaintiff considered these claims as without merit and the acts of the defendants as a continuing trespass. Waiving discovery, the petition prayed that the court should determine what rights in the property were acquired by the various predecessors of the defendant, and whether the rights of a named company were acquired by succession by the defendant and the intermediate companies; "that the rights and equities of the parties in and to the subject-matter be ascertained, determined, and declared, and be established and enforced by proper orders and decrees of the court;" that it be decreed that the defendant has no right to the use of the disputed premises, and that the operation of its trains thereon constitutes a continuing trespass; that there be an accounting to ascertain the value of the use by the defendant of the premises, and a money decree rendered for the amount so ascertained; for general relief, and for process. To this petition the defendant filed general and special demurrers, one of the latter based on the ground that the petition showed that whatever compensation was due for the use and occupation of the premises was due, not to the plaintiff, but to its lessee. The demurrers were overruled by the judge, and the defendant excepted.

1. In the first place we are clear that the judge should have sus-

tained the demurrer to that part of the petition which claimed compensation for the use and occupation of the premises. The act of 1889 (Acts of 1889, p. 362), to which the petition prayed reference, as well as the petition itself, showed that the State had leased its railroad and all of its appurtenances. If the State had title to the premises described in the petition, then the right to the possession of those premises passed, under the lease, to the lessee. It necessarily follows that an unauthorized use of the premises by the defendant, without injury to the freehold, could have injured only the lessee, which alone was entitled to the possession and use. The plaintiff, during the continuance of the lease, has no right to the possession or use of the leased property, and, therefore, can not recover from a third party compensation for the use and occupation. The right of action would be in the lessee, and by it alone could such a suit be maintained. Nor is the petition aided by the prayers for general relief. There are no allegations on which could be based any sort of remedy against the defendant in favor of the plaintiff. There is no intimation of any injury to the freehold, and therefore, as the occupation of the defendant is alleged to have been entirely during the period of the lease, the lessor has no right of action. The petition fails utterly to allege any physical injury to the freehold, and we think the case readily distinguishable from those in which it has been held that a lessor may maintain a suit, as for an injury to the reversion, where there is a continuing trespass, under a claim of right, which might by time ripen into an adverse title. See Arneson *v.* Spawn, 2 So. Dak. 269, 39 Am. St. Rep. 783. Prescription does not in any case run against the State. *Glaze* v. *Railroad Co.*, 67 *Ga.* 761; *Kirschner* v. *Railroad Co.*, Ibid. 760. The defendant's occupancy can, therefore, never ripen into a right adverse to the plaintiff and can not be regarded as an injury to the freehold or reversion. For these reasons we think that the plaintiff's petition does not show that the plaintiff is entitled to any judgment or decree against the defendant. If any right of action is shown, it is in the lessee and not in the plaintiff, and the latter can not maintain the action.

2. What has been said above disposes of the alleged rights of the plaintiff to any affirmative relief against the defendant. The petition also makes a case similar to what was known to the Scotch law as a declaratory action, wherein the plaintiff craved a determina-

tion and declaration of his rights but did not ask that the defendant be decreed to do or pay anything.   No such action is known to our law in matters of this kind.   Bills for direction in certain equity cases stand upon a very different footing.   Our courts have no jurisdiction to pass upon questions of titles to land at the instance of one of two claimants in a proceeding in which no other judgment or decree is prayed.   The object of an action is to redress or prevent a wrong, and it is essential that the plaintiff should seek something more than a mere declaration of his rights.   In a suit respecting titles to land, the court does not pass upon all questions suggested, but decides only such questions as are necessary to determine the right of the plaintiff to the relief prayed against the defendant.   Where no relief is prayed, the court can not undertake to decide such legal questions, however important or interesting, as may be suggested by a plaintiff who is in doubt as to his rights.   The present petition was insufficient as a basis for relief against the defendant, or for a determination of the rights of the parties and their privies in the premises in dispute.   The trial judge should, therefore, have sustained the demurrers.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*