## FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* STATE OF GEORGIA *et al.*

The act of 1898 (Acts 1898, p. 41; Civil Code of 1910, § 112), which provides that "Where the tax-collector of any county is succeeded by another, the outgoing collector shall make final settlement with the State and county for the taxes levied and chargeable for the year for which he was elected, and for the collection of which he has given bond; the incoming collector being charged and responsible only with the collection of the taxes due for the years for which he is chosen and bonded," applies only when the tax-collector is succeeded by another, and has no application where the collector is succeeded by himself.

2. The failure to pay over taxes collected by a tax-collector, and not the date of the collection, constitutes the breach of his official bond.

No. 927. NOVEMBER 15, 1918.

Questions certified by Court of Appeals (Case No. 9297).

*W. Van Tyler* and *Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Clifford Walker, attorney-general,* and *A. S. Anderson,* contra.

GEORGE, J. The several questions certified by the Court of Appeals are covered by the answer to one of them.

Prior to the act of 1898 (Acts 1898, p. 41, Civil Code of 1910, § 112) it was held that an execution issued by a tax-collector after his term of office had expired and his successor had qualified was not a legal process. *Skinner* v. *Roberts,* 92 *Ga.* 366 (6), 367 (17 S. E. 353). The effect of this ruling is that prior to the act of 1898 it was not the official duty of a tax-collector, nor did he have the power, to collect State and county taxes after his term of office had expired and after his successor had qualified, although such taxes were levied and had accrued before the expiration of his term of office. By the act of 1898 (which amended section 98 of the Political Code of 1895), fixing the terms of office of county officers, it was provided, "That where the tax-collector of any county is succeeded by another, the outgoing collector shall make final settlement with the State and county for the taxes levied and chargeable for the year for which he was elected, and for the collection of which he has given bond; the incoming collector being charged and responsible only with the collection of the taxes due for the years for which he is chosen and bonded."

With respect to a tax-collector who succeeds himself, the act in question worked no change in the existing law. Such collector, after he had qualified for his new term of office, was charged with

35

the duty and clothed with the power to collect and make final settlement with the State and county for any taxes levied and due during his preceding term of office. In *Wilson* v. *Wright,* 83 *Ga.* 38 (3), 44 (9 S. E. 834), decided prior to the act of 1898, a case in which the collector had succeeded himself, it was ruled: "If the tax-collector received the taxes in question while acting under his bond for 1885-6, it seems that the securities on that bond would be liable for the amount so received, but not so liable if they were received under his bond for 1887-8." The act of 1898 did not in terms deal with the obligation of the sureties upon the official bond of the tax-collector. The liability of his sureties was in all respects the same as the liability of the tax-collector himself. The liability of the sureties is in no respect broader than the liability of the principal. The liability of the sureties is limited to a breach of official duty by the principal. It was not, prior to the passage of the act of 1898, any part of the official duty of a tax-collector, after his term of office had expired, and after his successor had qualified, to collect the taxes due the State and county which had been levied and which had accrued before the expiration of his term of office. The act of 1898 made it the duty of the tax-collector, only where he is succeeded by another, to make final settlement with the State and county for the taxes levied and chargeable for the year for which he was elected, and for the collection of which he has given bond. The incoming tax-collector is by that act relieved of this duty of collecting such taxes only where he succeeds another.

It is the failure to pay over the taxes collected, and not the date of the collection, which constitutes the breach of the bond.

*All the Justices concur.*