### 9297.    FIDELITY & DEPOSIT COMPANY OF MARYLAND v. THE STATE OF GEORGIA *et al.*

1. The act of 1898 (Acts 1898, p. 41; Civil Code of 1910, § 112), which provides that "Where the tax-collector of any county is succeeded by another, the outgoing collector shall make final settlement with the State and county for the taxes levied and chargeable for the year for which he was elected, and for the collection of which he has given bond; the incoming collector being charged and responsible only with the collection of the taxes due for the years for which he is chosen and bonded," applies only when the tax-collector is succeeded by another, and has no application where the collector is succeeded by himself.

2. The failure to pay over taxes collected by a tax-collector, and not the date of the collection, constitutes the breach of his official bond.

DECIDED DECEMBER 13, 1918.

Affidavit of illegality; from Jenkins superior court—Judge H. C. Hammond. September 10, 1917.

W. Van Tyler, Little, Powell, Smith & Goldstein, for plaintiff in error.

Clifford Walker, attorney-general, A. S. Anderson, contra.

BROYLES, P. J. Certain questions involved in this case were certified by this court to the Supreme Court, and on November 15, 1918, the Supreme Court handed down a decision thereon, holding as is set forth in the headnotes above. In addition, the following opinion was rendered:

"GEORGE, J. The several questions certified by the Court of Appeals are covered by the answer to one of them. Prior to the act of 1898 (Acts 1898, p. 41, Civil Code of 1910, § 112) it was held that an execution issued by a tax-collector after his term of office had expired and his successor had qualified was not a legal process. Skinner v. Roberts, 92 Ga. 366 (6) (17 S. E. 353). The effect of this ruling is that prior to the act of 1898 it was not the official duty of a tax-collector, nor did he have the power, to collect State and county taxes after his term of office had expired and after his successor had qualified, although such taxes were levied and had accrued before the expiration of his term of office. By the act of 1898 (which amended section 98 of the Political Code of 1895), fixing the terms of office of county officers, it was provided, 'That where the tax-collector of any county is succeeded by another, the outgoing collector shall make final settlement with the State and county for the taxes levied and chargeable for the year for which he was elected, and for the collection of which he has given bond; the incoming collector being charged and responsible only with the collection of the taxes due for the years for which he is chosen and bonded.' With respect to a tax-collector who succeeds himself, the act in question worked no change in the existing law. Such collector, after he had qualified for his new term of office, was charged with the duty and clothed with the power to collect and make final settlement with the State and county for any taxes levied and due during his preceding term of office. In Wilson v. Wright, 83 Ga. 38 (3), 44 (9 S. E. 834), decided prior to the act of 1898, a case in which the collector had succeeded himself, it

was ruled: 'If the tax-collector received the taxes in question while acting under his bond for 1885-6, it seems that the securities on that bond would be liable for the amount so received, but not so liable if they were received under his bond for 1887-8.' The act of 1898 did not in terms deal with the obligation of the sureties upon the official bond of the tax-collector. The liability of his sureties was in all respects the same as the liability of the tax-collector himself. The liability of the sureties is in no respect broader than the liability of the principal. The liability of the sureties is limited to a breach of official duty by the principal. It was not, prior to the passage of the act of 1898, any part of the official duty of a tax-collector, after his term of office had expired, and after his successor had qualified, to collect the taxes due the State and county which had been levied and which had accrued before the expiration of his term of office. The act of 1898 made it the duty of the tax-collector, only where he is succeeded by another, to make final settlement with the State and county for the taxes levied and chargeable for the year for which he was elected, and for the collection of which he has given bond. The incoming tax-collector is by that act relieved of this duty of collecting such taxes only where he succeeds another. It is the failure to pay over the taxes collected, and not the date of the collection, which constitutes the breach of the bond."

It clearly appears from the foregoing opinion that the failure of a tax-collector to pay over, at the time required by law, taxes collected by him, constitutes the breach of his official bond; and in such a case the breach does not extend back to the date of the accrual of the taxes, nor even to the date of their collection, but the date of the breach is the time when he should have paid over the taxes, and not the time of their accrual or collection. Under the ruling of the Supreme Court that the act of 1898 (Civil Code of 1910, § 112) has no application where a tax-collector is succeeded by himself, the defaulting tax-collector in the instant case (who succeeded himself in office, and who, after his new term of office had begun, *and after his new bond had been executed,* misappropriated certain taxes which had accrued during his first term, and which he had collected after the beginning of his second term) committed a breach of his official duty, and therefore a breach of his bond, *subsequently to the giving of his new bond,* and accord-

ingly the sureties on that bond, and not the surety on the old bond, were liable for the shortage.

It follows that the trial judge, passing, by consent, without the intervention of a jury, upon all issues both of law and fact, erred in finding against the affidavit of illegality filed by the Fidelity & Deposit Company of Maryland (the surety on the old bond), as set forth in his order.

*Judgment reversed. Bloodworth, J., concurs. Stephens, J., not presiding.*