FOWLER et al. v. FOWLER et al., executors.

HILL, J. This action was purely declaratory, for which reason the court below was without jurisdiction to pass upon the questions raised therein. We remand the case with direction that an order be taken dismissing the case. *So. Ry. Co.* v. *State of Georgia,* 116 *Ga.* 276 (2) (42 S. E. 508); *Howell* v. *Wilson,* 137 *Ga.* 710 (74 S. E. 255).

*Judgment reversed. All the Justices concur.*

No. 4271. NOVEMBER 14, 1924.

Construction of will. Before Judge Blair. Cherokee superior court. February 29, 1924.

Clyde Fowler, Herbert Fowler, Myrtle Fowler, and Ruth Fowler Reeves, legatees under the will of A. R. Fowler, deceased, and also heirs at law of A. R. Fowler, brought an equitable petition against Mrs. Mollie Fowler and Clyde Fowler, as executors of the last will and testament of A. R. Fowler, deceased, and alleged in substance the following: A. R. Fowler executed his will and subsequently died, and the will was duly probated, and the above-

named executors have qualified as such. By the terms of the will the testator bequeathed to the above-named legatees specific legacies in certain described property. Item 10 of the will, referring to each and all of the legatees, provides that "they are not to have title in fee simple until twenty years after my death." Item 11 of the will contains this provision: "If any child named as an heir in the foregoing will should die without child or wife, then the property named for him or her shall be divided into equal parts, share and share alike, amongst the remaining children." All of the legatees took possession of their lands devised by the will, and have had the open, continuous possession ever since, each possessing his own particular portion of said lands. Plaintiffs are all more than twenty-one years of age, and none of them are laboring under any disabilities, but are all sui juris and managing their own affairs in their own names and in their own right. "Petitioner Herbert Fowler is taking an extensive course in preparation for the practice of medicine and surgery; he needs to utilize some part of his property in aiding him in his undertaking. There is no life-estate imposed upon this property; there is no limitation over, whereby said property is to go to any other person outside of the strict rules of descent and distribution; by the terms of the will it falls squarely within the rule of descent and distribution of estates; the only difference between A. R. Fowler's dying testate and if he had died intestate is the fact that he parceled out the particular lands each was to have, and at his death petitioners insist that title vested at once in them to their respective shares of land as parceled out in said will, and that no one else had or now has any interest whatever in said lands; that if one of them should die without husband, wife, or children, that as an actual consequence the surviving brothers and sisters would inherit the property of the deceased one, and that this provision is entirely within the rules of inheritance. They insist that when this provision was made by the application, it meant in the event of one of their number dying without wife, husband, or child, that the property of such deceased one of their number should go to the survivors, their heirs, executors, administrators, and assigns, and that title vested at once in fee simple in presenti at the death of the testator." It is alleged that plaintiffs and each of them waive and renounce any and all contingent interest that each may have to any share

that any other one of them might take in the event of the death of either of them without husband, wife, or child, over and beyond what he or she might take in the estate of either of them unsold or undisposed of during life. Plaintiffs also waive filing, process, copy process, appearance term, and "submit to the court entire jurisdiction of themselves and each of them, and pray that the court, without the intervention of a jury, pass upon the construction of such will insisted upon under the pleadings in this matter at the February term, 1924, of said court." They also pray for such judgment, order, and decree as that, upon the written consent of the qualified executors of the will, any one of plaintiffs may sell, mortgage, or encumber his respective share of said lands; and for general relief. The executors acknowledged due and legal service of the petition, and waived filing, process, appearance term, and consented "that the court, without the intervention of a jury, pass upon the questions raised in this petition at the February term, 1924, of said court." No answer was filed by the defendants, and there were no other pleadings except the petition, the substance of which is set out above. On the hearing by the trial judge the plaintiffs introduced in evidence the certified copy of the will of A. R. Fowler, deceased, "duly probated in solemn form." The material portions of the will are set out above. The trial judge passed the following order: "The foregoing petition being presented to me, I have declined to grant the relief prayed. In my opinion contingent remainders are involved in the will for at least twenty years following the death of the testator; and therefore that it would be improper to grant the order prayed." To this judgment Clyde Fowler, Herbert Fowler, Myrtle Fowler, and Ruth Fowler Reeves name themselves as plaintiffs in error and except to the above judgment of the court. They name Mrs. Mollie Fowler and Clyde Fowler as executors of A. R. Fowler, deceased, as defendants in error.

*H. B. Moss,* for plaintiffs.