BYRD *et al. v.* GOODMAN.

622

No. 14460.   MARCH 9, 1943.   REHEARING DENIED MARCH 24, 1943.

*Lester Dickson,* for plaintiffs in error.

*W. B. Hollingsworth,* contra.

GRICE, Justice. ■ There are two assignments of error. One excepts to the overruling of a general demurrer to the petition.

The suit was a complaint for land. It contains an allegation that petitioner is the owner of and claims title to a described tract of land, and elsewhere an allegation that "petitioner shows that he has a good and perfect title to said lands," of which it is alleged that the defendants are in possession. The fifth paragraph of the petition was as follows: "Petitioner claims title to all that portion of said Southern right of way now in possession of said T. L. Byrd and Carroll Williams by virtue of a judgment rendered by this court on the 24th day of August, 1940, which was as follows, after stating the case of T. L. Byrd versus I. M. Goodman, being a suit to recover the land herein, a demurrer having been filed thereto: 'Upon consideration of the demurrer filed by I. M. Goodman in the above-stated case, and after hearing arguments by briefs thereon, it is considered, ordered, and adjudged that the demurrer of the defendant be and the same is hereby sustained, and it is ordered that judgment be entered upon the records in said case, and said suit is hereby dismissed, with cost against plaintiff.' Petitioner shows the judgment rendered in his favor hereon pertains to the same lands now sought to be recovered." This was the equivalent of declaring that his title is as defined in the quoted portion of his petition, and falls under the principle ruled in *Dugas* v. *Hammond,* 130 *Ga.* 87 (60 S. E. 268), to wit: "Where the petition departs from the statutory form and alleges that the plaintiff 'claims title' under an abstract of title annexed to the petition, this is equivalent to an allegation that the plaintiff's title is as defined in his abstract." Merely to allege that a judgment in plaintiff's favor "pertains to the lands now sought to be recovered" does not show title in the plaintiff. The demurrer to the original petition should have been sustained.

■ Subsequently the plaintiff amended his petition. A general demurrer to the amended petition was overruled, and error is assigned on this ruling. The amendment added at the end of paragraph 5 of the petition, which is set forth above, a statement that defendant Byrd brought petition against him, praying that the title to the land in question, formerly known as the Southern Railway right of way, be decreed in him (Byrd), and that plaintiff (Goodman) deliver up for cancellation the deeds and conveyances made to him by the heirs of J. M. Spurlin and by the Southern Railway; that a general demurrer to that petition as amended

was filed, and upon hearing said demurrer the court dismissed the amended petition. The exhibits there referred to showed a petition by Byrd against Goodman, alleging that Byrd is in possession of certain described land, setting forth his muniments of title; that Goodman is claiming a large portion thereof, embodying the basis of his claim of title; that defendant is undertaking to interfere with plaintiff's possession, and that defendant is trespassing thereon, has forbidden plaintiff to go thereon, and depriving plaintiff of the use and occupancy of said land. The prayers were for injunction, and that the deed of defendant be canceled. The plaintiff in that suit amended his petition by alleging other facts tending to show that the defendant therein had no valid title, and among the prayers to this amendment were that the title to the land be decreed in plaintiff. The amended petition in the first suit was demurred to on six different grounds, among them, that no cause of action was set forth. It was not demurred to on the ground that the plaintiff showed no title. The judge passed an order adjudging that "the demurrer of the defendant be and the same is hereby sustained," and dismissing the suit. The question here presented is whether, with the record of the former suit shown in the amendment to the petition, the judge erred in refusing to sustain the general demurrer.

If the judgment on the demurrer in the first suit had the effect of adjudicating that the title to this land was not in Byrd, then the general demurrer to the amended petition in the instant case was properly overruled; otherwise not.

We take no issue with the contention that, the trial court having sustained the demurrer and dismissed the petition, there is no presumption that the ruling was based on any particular ground of the demurrer, but the judgment will be treated as sustaining the entire demurrer upon all of its grounds. *Hadden* v. *Fuqua,* 194 *Ga.* 621, 632 (22 S. E. 2d, 377). That, however, is beside the issue. In order for Goodman to benefit by the application of the rule, it would have to appear that in some ground of the demurrer Goodman had urged that Byrd's petition showed on its face that the latter had no title. The demurrer is copied into the statement of facts. It contains six divisions, referred to as grounds. The larger part of it is speaking in character. If it was meant thereby to challenge the sufficiency of the title asserted by Byrd, such pur-

pose is not apparent. It is true that the demurrer contains the statement, "that the petition sets out no cause of action;" but even the petition in the instant suit does not contain the statement that the title was adjudicated in the first suit, or that the lack of a cause of action was the lack of title. In *McElmurray* v. *Blodgett,* 120 *Ga.* 9, 15 (47 S. E. 531), it was said: "It has also been held that a judgment on demurrer, until reversed, concludes the parties on all questions necessarily involved in the decision. *Georgia Northern Ry. Co.* v. *Hutchins* [119 *Ga.* 505]. It would seem to follow from this that it would not conclude upon any question not necessarily involved in the decision on the demurrer. When the petition, the amendment, the demurrer, and the judgment on the demurrer are all considered together, it sufficiently appears that the question as to the proper construction of the paper was not necessarily involved in the decision rendered on the demurrer." If in such case the question was not necessarily involved in the ruling on demurrer, it would be incumbent on the party to show that it was actually determined in the ruling made. *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). Applying these principles to the pleadings before us, it appears that the question of Byrd's title was not necessarily involved in the ruling on the demurrer; nor is it shown that it was actually determined therein. The prayers of the original petition were, for process, for injunction to prevent the defendant from trespassing, or coming upon the land; and that the deed held by defendant be removed as a cloud. In an amendment, he added a prayer that title to the land be decreed in him.

The court may well have concluded that, taking its averments as a whole, the petition did not show that the plaintiff was in possession, and that as to injunctive relief the petition stated no cause of action, because the injunction would have been mandatory. *Braswell* v. *Palmer,* 191 *Ga.* 262 (11 S. E. 2d, 889).

For the same lack of averment as to possession in himself, construing the petition most strongly against the pleader, the court may have concluded that no cause of action was set forth as to removal of the cloud. *Lighiner* v. *Belk,* 178 *Ga.* 766 (174 S. E. 349). This would leave standing alone the prayer that title be decreed in him, which, with the other features out of the case, would be merely one to seek a declaratory judgment. No court

would entertain a petition that only sought to decree a title in the plaintiff when no need is shown to have it so decreed. See *Southern Railway Co.* v. *State,* 116 *Ga.* 276 (42 S. E. 508) ; *Fowler* v. *Fowler,* 159 *Ga.* 239 (125 S. E. 495) ; *Bowden* v. *Georgia Public Service Commission,* 170 *Ga.* 505 (153 S. E. 42) ; *Byrd* v. *Equitable Life Assurance Society,* 185 *Ga.* 628 (196 S. E. 63), and as particularly in point, *Blackwell* v. *Blackwell,* 188 *Ga.* 388 (3) (4 S. E. 2d, 168).

■ There is another reason that restrains us from giving the decision on the demurrer the effect claimed for it by counsel for defendant in error. If, as indicated above, there be correct bases on which the decision on demurrer may rest, it will not be assumed that the trial judge passed these by and placed his ruling on an unsound one. The settled doctrine in the construction of a statute is to give it, if possible, a rendering which will make it valid rather than invalid. *Head* v. *Cigarette Sales Co.,* 188 *Ga.* 452 (4 S. E. 2d, 203). This is true also as to the construction of an agreement. *Equitable Loan & Security Co.* v. *Waring,* 117 *Ga.* 599 (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177). The same salutary rule will be applied by this court when confronted with a judgment. The court below is presumed to have decided correctly, until the contrary is shown. *Stubbs* v. *Central Bank of Georgia,* 7 *Ga.* 258. Compare *Skinner* v. *Roberts,* 92 *Ga.* 366 (17 S. E. 353). This leads to this inquiry: Did Byrd's petition in the original suit show title in him to the land involved? And did it allege facts, which if true, showed that Goodman had no title?

The deed from J. M. Spurlin to the Atlanta & Hawkinsville Railroad Company, a copy of which was attached to Goodman's suit, conveyed only a right of way or an easement, which terminated by abandonment or nonuse when the successor railroad company ceased to use the land for railroad purposes. Such is the only reasonable interpretation of the instrument under consideration. It is similar in language and effect to the deeds considered in *Louisville & Nashville Railroad Co.* v. *Maxey,* 139 *Ga.* 541 (77 S. E. 801), *Atlanta, Birmingham & Atlantic R. Co.* v. *County of Coffee,* 152 *Ga.* 432 (110 S. E. 214), *Rogers* v. *Pitchford,* 181 *Ga.* 845 (184 S. E. 623), and *Jackson* v. *Crutchfield,* 184 *Ga.* 412, 416 (191 S. E. 468), and is unlike the deeds involved in *Samuel Mitchell Estate Inc.* v. *Western & Atlantic Railroad Co.,* 167 *Ga.*

728 (146 S. E. 556), *Johnson* v. *Valdosta &c. R. Co.,* 169 *Ga.* 559 (150 S. E. 845), and *Woods* v. *Flanders,* 180 *Ga.* 835 (181 S. E. 83).

Since the deed conveyed only an easement, the fee-simple title remained in the grantor and was subject to sale or other disposition by him at any time. He conveyed the property to his wife on condition that it would revert to his estate on her remarriage, and she did remarry in 1920, after his death in 1919. The fee-simple title which remained in him after executing the deed to the railroad, and the remainder or reversionary interest which existed after executing the deeds to his wife, both constituted an interest which the grantor, J. M. Spurlin, could dispose of by will if he elected to do so, being the whole title or interest less the easement granted to the railroad company, and the estate for life or widowhood granted to Mrs. Spurlin. *Cooper* v. *Davis,* 174 *Ga.* 670 (163 S. E. 736) ; *Metropolitan Life Insurance Co.* v. *Hall,* 191 *Ga.* 294 (12 S. E. 2d, 53). It appears that he died in 1919, leaving a will in which he bequeathed this land along with other lands to his son, James Albert Spurlin, and his grandson, Paul Merrill Spurlin. It does not appear that any legal representative ever assented to such legacy. On the contrary, in a suit in equity in which both legatees were made parties a receiver was appointed; and the lands were later sold by the receiver under an order of the superior court, and the sale was duly confirmed. By this sale all interest and title of the estate of J. M. Spurlin and of these two legatees was conveyed to Roscoe Luke and P. W. Derrick, who conveyed the property to Byrd. From the allegations contained in Byrd's petition, this sale by a receiver appears to have been regular and to have conveyed title to the entire tract described as ninety-five acres, more or less, including the strip of land which was at that time used as a railroad right of way. The conveyance of the whole tract without reservation necessarily conveyed the whole interest of the estate of J. M. Spurlin; and so when the right of way was abandoned, the entire interest vested in the purchaser. Since the receiver's sale conveyed all interest of J. M. Spurlin and of the legatees under his will to Byrd's predecessor in title as of that date, December 30, 1926, there remained nothing which could later be conveyed by the heirs at law of J. A. Spurlin, or, rather, by one of the legatees and the heirs at law of the other.

According to his allegations, Byrd has title to the strip of land in controversy as against Goodman.

What has just been said demonstrates that Goodman's assertion contained in the third paragraph of the amendment to his petition in the instant case, to wit, "Petitioner shows his title arising from the Southern R. R. and from the heirs at law of Jasper M. Spurlin, the common grantor, as appears in this record, is superior to the claim of the defendant herein," should also have been stricken on general demurrer. Goodman's insistence that the former judgment adjudicated that the title to this land was not in Byrd can not be sustained. Our conclusion is that the court erred in not sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*