## BOWLING *v.* DOYAL.

No. 17001. MARCH 13, 1950.

*Daniel Duke*, for plaintiff in error.

*Houston White*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The Code § 64-201, declares: "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." This language appears as § 3135 in the Code of 1863, and has been carried forward in each of the succeeding Codes.

Counsel for the plaintiff in error concedes that the respondent could not have been ousted at the time the suit was filed, but insists that, under the common law of England, the writ of quo warranto was for the purpose of making the terms and tenures of public officials fixed and certain, so that no cloud or ambiguity would surround the various offices, either as to titles or length of term; and that, in using the above language in the Code of 1863, it was not intended to restrict the use of the remedy to the cases therein mentioned, nor to act as a limitation upon the State's prerogative, acting through its courts in proper cases, to define and make certain the terms of public officials and to fix and determine the duration of their terms of office.

This is an effort to obtain, in a quo warranto proceeding, an advisory opinion as to the termination of the respondent's term of office. Irrespective of whether under the common law of England the writ of quo warranto was used to define and limit a respondent's term of office, such an advisory opinion could not have been rendered in a quo warranto proceeding brought under the Code of 1863, for the reason that, prior to passage of the Declaratory Judgment Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101 et seq.), this court had consistently held: "A declaratory action is not maintainable in this state." *Southern Ry. Co. v. State*, 116 *Ga.* 276 (2) (42 S. E. 508); *Fowler v. Fowl-*

**644**

*er,* 159 *Ga.* 239) (125 S. E. 495); *Gurr* v. *Gurr,* 198 *Ga.* 493 (3) (32 S. E. 2d, 507). The present quo warranto proceeding does not allege the essentials of a declaratory-judgment proceeding under the above-mentioned act of 1945.

Furthermore, the issue in a quo warranto proceeding is the title of the incumbent to the office from which he is sought to be ousted. *Sweat* v. *Barnhill,* 170 *Ga.* 545, 549 (153 S. E. 364); *Center* v. *Arp,* 198 *Ga.* 574, 575 (32 S. E. 2d, 308). "The State is concerned only with the usurpation. It takes no part in the controversy further than to have the office declared vacant and the usurper ousted." *Holmes* v. *Sikes,* 113 *Ga.* 580, 583 (38 S. E. 978).

, Accordingly, the present quo warranto proceeding was premature, for the reason that, under the pleadings and evidence, the respondent could not have been ousted at the time the suit was filed, and the trial court did not err in rendering a judgment in favor of the respondent.

*Judgment affirmed. All the Justices concur.*