34911, 34912.   SMITH *v.* SOUTHEASTERN COURTS, INC., *et al.* (two cases).

Decided February 13, 1954—Rehearing denied March 17, 1954.

*Gilbert E. Johnson, Oscar C. Burnett, James E. McAleer, Jr.,* for plaintiff in error.

*Myrick & Myrick,* contra.

QUILLIAN, J. Plaintiff in error in a well prepared brief presents the contention that the general demurrer sustained to the petition filed on August 18, 1951, did not adjudicate that she did not have a right of action against the defendants, but simply decided that her petition did not show "why or in what manner their joint and concurrent negligence" caused the conditions that resulted in the tragic death of her son. She says that the sustaining of the general demurrer to her petition did not affect her right to bring a new suit on the very same cause of action as that set forth in the petition to which a judgment was sustained.

There is authority for the position that, where a petition is dismissed on general demurrer, the right of the plaintiff to maintain the action is not always adjudicated.

In cases where the nature of the demurrer is to point out that

the suit cannot be maintained on the equity side of the court, or is brought by a trustee before being clothed with the authority of his trustee, or where for other reasons the action is not maintainable at the time or in the court in which it is brought, the demurrer sustained does not challenge the right of the plaintiff to bring the action at any time or in any court.

In the instant case, it appears that, in a suit between the same parties, in the same court, concerning the same cause of action, a petition identical in language to that in the instant case was dismissed on general demurrer, and that the ground of the general demurrer was that the petition set forth no cause of action. The judgment sustaining the demurrer in the previous case was not excepted to. That appearing, the court properly sustained a plea of res judicata. *Byrd* v. *Goodman*, 195 *Ga.* 621 (2) (25 S. E. 2d 34).

But, if this demurrer had been sustained on a merely technical ground, pointing out that it could not be maintained on account of a mere formal defect appearing in it, this court would have been without power to reverse the judgment of the trial judge on the plea of res judicata, for the reason that the suit in the present case is identical in language with the suit to which the demurrer was sustained.

The trial court did not err in sustaining the plea of res judicata and in dismissing the petition.

*Judgment affirmed on both bills of exceptions. Felton, C. J., and Nichols, J., concur.*