## 32709. CLARK et al. v. BOARD OF DENTAL EXAMINERS OF GEORGIA.

MARSHALL, Justice.

The appellee board filed a petition pursuant to the provisions of Code § 84-702 (as amended by Ga. L. 1972, p.

815) to enjoin the appellant's unlicensed practice of dentistry. The appeal is from the direction of a verdict for the appellee board.

1. The first enumerated error is the overruling of the appellant's motion to dismiss for lack of a legal and proper party plaintiff and allowing the case to go to trial in the name of a nonexistent party plaintiff.

The present action was initiated on March 25, 1976, by the Board of Dental Examiners of Georgia, as the board was designated by former Code § 84-702, supra. By Ga. L. 1976, pp. 484, 487, effective July 1, 1976, the General Assembly struck former Code § 84-702 and inserted a new § 84-702, one purpose of which, as expressed in the caption of the Act, being "to change the Georgia Board of Dentistry." Upon the filing of the appellant's motion to dismiss, the appellee made two pre-trial oral motions to amend to substitute the new board name, which issue the trial judge deferred ruling on at that time. In response to another motion to dismiss during the trial, the appellee again orally moved to substitute the board's new name as party plaintiff, which motion was granted.

The trial judge did not err in allowing the case to go to trial in the name of the party plaintiff as originally designated. The action was filed by the board under the correct name provided by the statute then in effect, hence importing a legal entity. Code Ann. § 81A-125 (c) (Ga. L. 1966, pp. 609, 634) provides as follows: "In case of any transfer of interest *the action may be continued by or against the original party,* unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this section." (Emphasis supplied.) The fact that no motion was made in writing to substitute the new name of the party plaintiff, does not subject the action to dismissal, because subsection (c), supra, provides that the action could be continued by the original party.

A similar provision is found in Code Ann. § 81A-117 (a) (Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107), which permits ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Code Ann. § 81A-125 (d) (1), although pertaining to public

*officers* rather than public *agencies,* as in the case sub judice, is nevertheless sufficiently analogous to be relevant. This statute provides that an order of substitution of a new public officer-party may be entered at any time, but *"the omission to enter such an order shall not affect the substitution."* (Emphasis supplied.) Section 2 of the Act re-enacting Code Ch. 84-7 (Ga. L. 1976, pp. 484, 503) gives further indication of the legislative intent with regard to the effect of the reenactment as it concerns the board in question, providing for continuity of membership, rules and regulations, records, furniture, supplies and equipment from the former board to the present board.

From a careful reading of the above statutes, we conclude that the plaintiff board either was entitled to continue the action as originally denominated or had its new name automatically substituted by reason of the effect of re-enacted § 84-702. Although the proceedings following the substitution by operation of the effect of the re-enacted § 84-702 (if not by the trial judge's allowance of the substitution in response to oral motion) probably should have been in the name of the substituted board name, we do not deem this oversight to have affected the validity of the proceedings.

2. Enumerated error 2 is the quashing of the appellant's subpoenas requiring the individual members of the appellee board to appear and testify at the trial of the case.

This enumerated error is without merit for several reasons. First, Code Ann. § 38-801 (d) (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200), pertaining to subpoenas, provides in part: "The payment of [witness] fees shall not be demanded as a condition precedent to attendance, but when a witness resides outside the county where the testimony is to be given, *service of the subpoena to be valid must be accompanied by tender of the fee for one day's attendance plus mileage of eight cents per mile for traveling expenses* for going from and returning to his place of residence, by the nearest practical route." (Emphasis supplied.) In this action, no member of the appellee board was a Douglas County resident and no member was tendered expenses or mileage. The appellant

asserts his indigency, but overlooks the facts that his defense was not pro bono and that his appeal was filed from the lower court's judgment through legal counsel. The appellant's service upon the appellee board as a whole via service upon the Joint-Secretary, State Examining Boards, in reliance upon the provisions of Code § 84-101, was not sufficient to obtain the appearance of the individual members of the board, since the board is itself a legal entity capable of suing and being sued under § 84-702, as was done in this case.

Similarly, service of the subpoena is limited to a 150-mile radius of the place of the hearing or trial under Code Ann. § 38-801 (e). Three of the board members resided outside this area. If these witnesses were considered necessary to his case, the appellant should have followed the express statutory provisions for obtaining their attendance.

Furthermore, " 'a judgment will not be reversed, on an exception to the refusal of the trial court to allow a competent witness to testify, where the record does not show what testimony the witness was expected to give.' *Hall v. State,* 202 Ga. 619 (2) (44 SE2d 234)." *Hickox v. State,* 138 Ga. App. 882 (3) (227 SE2d 829) (1976). The general purpose stated for the testimony — to determine "the circumstances surrounding [the appellant] and why this action was brought" — does not satisfy this requirement. The reasons for the bringing of the action are not shown to be relevant; the issues involved relate to whether or not the appellant was engaged in the unlicensed practice of dentistry. " 'The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse.' *Banister v. Hubbard,* 82 Ga. App. 813, 816 (62 SE2d 761) and cit.; Code § 24-104; *Checker Cab Co. v. Fedor,* 134 Ga. App. 28 (2) (213 SE2d 485) and cits. Closely correlated to this is 'the prima facie presumption in favor of the good faith of the (public) officer, and that he has done his duty.' *Gormley v. Eison,* 189 Ga. 259, 264 (5 SE2d 643) and cits." *Wheeless v. State,* 135 Ga. App. 406 (7) (218 SE2d 88) (1975). Even if the "surrounding circumstances" and

"why this action was brought" are deemed relevant, it would require a more direct attack on the board and/or its individual members in order to rebut the presumption that they had done their collective and individual duties.

3. The trial judge did not err, as contended in Enumeration 3, in finding as a matter of law that the appellant examined and treated conditions of human teeth and gums. By the appellant's own testimony, he admitted that he had examined persons' teeth and gums and made impressions for the purpose of making appliances usable on teeth or as teeth, for which he charged a fee. Furthermore, he admitted and the trial judge so found that he made or repaired appliances usable on teeth or as teeth in most cases *without their having been ordered by and returned to a licensed dentist,* which constitutes the practice of dentistry within the definition in Code Ann. § 84-701 (Ga. L. 1976, pp. 484, 486).

4. Enumerated error 4 is "declaring that portion of Georgia Code [§] 84-701, as it affects appellant to be constitutional and violative of appellant's constitutional and other rights under the Constitution of the United States, the Constitution of the State of Georgia, and laws of United States and the State of Georgia."

The appellant's specific constitutional attacks made in his reply to the appellee's motion for summary judgment in the trial court, are as follows: 1. "The statute applied in this case, being Georgia Code Title 84-701, is unconstitutional and unreasonable in that it is arbitrary and imposes unreasonable and unnecessary restrictions upon a lawful occupation." 2. "The statute is vague and arbitrary in that said statute nor the entire Title 7 of the Georgia Code is vague and arbitrary in that the statute contains no provisions providing for qualifications, training requirements or other prerequisites for persons who construct dental prostheses." 3. "The statute as written, leaving the 'regulation' of dental laboratory technicians to licensed dentists and not to a regulatory agency is overbroad and therefore repugnant to constitutional guaranties and void." 4. "The statute fails to provide any guideline or provision upon which a proper regulatory or licensing agency may develop or create proper qualifications, training and state licensing

requirements for dental laboratory technicians." 5. "The statute provides solely for the licensing of dentists and dental hygienists, as well as dental assistants. It does not provide for the regulation of the dental laboratory technician for the purpose of regulation by a state board or agency. The statute is not a lawful exercise of regulatory power through the police power, is unreasonable, and void."

A reading of *Holcomb v. Johnston*, 213 Ga. 249 (98 SE2d 561) (1957) reveals that, although the statutory attack there was on a specific portion of Code Ann. § 84-701 (which has identical wording to that of re-enacted § 84-701, supra), the holding is broad enough to uphold the statute's constitutionality as against the above quoted attacks here made. Accordingly, this enumerated error is without merit.

5. Enumerated error 5 contends that "[t]he order of the court below is constitutionally overbroad in that it prohibits appellant from engaging in a lawful activity whether or not appellant complys[sic] with the law or is exempted thereunder, is therefor [sic] in error."

Although the judgment under review provides that the appellant is "permanently enjoined from engaging in the practice of dentistry throughout the State of Georgia . . .," we do not construe this to mean that he would be thus enjoined in the event he should become licensed as a dentist at some time in the future, which, of course, would be illegal. "When a judgment is susceptible of two meanings, one of which would render it illegal and the other proper, that construction will, if reasonably possible, be given it that would render it legal." *Byrd v. Goodman*, 195 Ga. 621 (2a) (25 SE2d 34) (1943). The present statutory action for injunction was premised upon the allegation that the defendant was at that time unlicensed. A decree or judgment must be construed in connection with the pleadings *(Bentley v. Still*, 198 Ga. 743 (32 SE2d 814) (1945)), even though in so construing the judgment the generality of the judgment may be modified. *Stanfield v. Downing Co.*, 186 Ga. 568 (199 SE 113) (1938). Accordingly, the judgment, construed to be effective only so long as the defendant remains unlicensed, was not constitutionally overbroad.

The evidence demanded a finding of violations of Code Ann. §§ 84-701, 84-702, supra; therefore, the trial judge did not err in directing a verdict for the plaintiff and entering the writ of injunction as provided in § 84-702.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 2, 1977 — DECIDED NOVEMBER 29, 1977.

*O'Berry, Collier & San Felippo, L. Lyn O'Berry, Charles B. Collier,* for appellants.

*Arthur K. Bolton, Attorney General, John C. Jones, Staff Assistant Attorney General,* for appellee.