MOORE, Judge.
On February 4, 2010, the State of Alabama, on behalf of Robert L. Broussard, District Attorney of Madison County, filed a complaint seeking the forfeiture of $3,000 in United States currency (“the cash”) and a 2003 Infiniti G35 automobile seized from Jarvis Woods. The complaint alleged that the vehicle was registered to Darry Lee (“Darry”) but was believed to be owned by Woods. Woods and Darry were both added as parties to the action. On February 19, 2010, Woods answered the complaint. Darry filed an answer on March 5, 2010, asserting that he was the owner of the cash and the Infiniti. On September 1, 2011, Woods filed a consent to the forfeiture of the cash and the Infiniti. On September 6, 2011, the trial court entered a judgment forfeiting all rights Woods possessed in the cash and the Infiniti and stating that the action would remain pending for a decision regarding Darry’s interest in that property. After a trial, the trial court entered a judgment on March 22, 2012, stating, in pertinent part:
“This is a condemnation proceeding brought by the Madison County District Attorney’s Office pursuant to Alabama Code [1975,] § 20-2-93 seeking the forfeiture of Three Thousand Dollars ($3,000.00) in U.S. Currency and One (1) 2003 Infiniti G35, ... seized from Jarvis Woods during his arrest for trafficking in cocaine. Darry Lee, the registered owner of the vehicle, was an Intervenor in this action. The case was heard ore tenus on March 12, 2012. Woods entered a Consent to Forfeiture....
“Based upon the evidence presented by the State and the inferences attendant thereto, the Court is reasonably satisfied that the currency and vehicle were used in violation of the statute and that the State presented a prima facie case.... Based upon the testimony of [an investigator] that this same vehicle had been under investigation some six or seven months prior as part of an drug investigation involving Bill Oscar Lee, brother to Darry, and that [the investigator] had spoken to Darry Lee about Bill Oscar Lee using the vehicle and purchasing this and other vehicles in Darry Lee’s name to keep said vehicles from being seized by the police, the Court finds that [Darry] Lee is not an ‘innocent owner’ as contemplated by statute.
“It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Three Thousand Dollars ($3,000.00) in U.S. Currency and One (1) 2003 Infiniti G35 ... are declared contraband and [are] hereby forfeited to the plaintiff for use in law enforcement. The vehicle is awarded to the Huntsville Madison County Strategic Counterdrug Team.”
(Capitalization in original.) On May 3, 2012, Darry filed his notice of appeal to this court.

Discussion

Darry appeals only that part of the trial court’s judgment pertaining to the forfeiture of the Infiniti. In its judgment, the trial court found that Darry “is not an ‘innocent owner’” of the Infiniti. The State construes that language, along with the preceding language referring to Bill Oscar Lee as the purchaser of the Infiniti, as a factual finding that Darry did not own the Infiniti, but that Bill Oscar Lee did. If the State is correct, Darry would have no interest in the Infiniti and, thus, would *1039 lack standing to pursue an appeal of the forfeiture judgment, and his appeal would be due to be dismissed. See Dobyne v. State, 4 So.3d 506, 510 (Ala.Civ.App.2008). However, under those circumstances, the judgment would be void for failing to join Bill Oscar Lee as an indispensable party. See Hillbert v. State, 66 So.3d 779 (Ala.Civ.App.2010).
On the other hand, the language of the judgment could be construed as a finding that Darry, who indisputably was registered as the titleholder, owned the Infini-ti, but that Darry was not an “innocent” owner within the meaning of § 20 — 2—93(h), Ala.Code 1975, because he was aware of its use in drug-related activity. See State ex rel. Watkins v. Sellers, 894 So.2d 733 (Ala.Civ.App.2004). In such case, Darry would have standing to appeal the judgment to contest the sufficiency of the evidence in support of that finding. See generally Jester v. State, 668 So.2d 822 (Ala.Civ.App.1995).
Because we are to construe judgments so as to support, rather than to defeat, their validity, see Ex parte Snider, 929 So.2d 447, 457 (Ala.2005) (quoting Clark v. Board of Dental Exam’rs of Georgia, 240 Ga. 289, 294, 240 S.E.2d 250, 254 (1977), quoting in turn Byrd v. Goodman, 195 Ga. 621, 621, 25 S.E.2d 34, 35 (1943) (Syllabus by the Court)) (“ ‘ “When a judgment is susceptible of two meanings, one of which would render it illegal and the other proper, that construction will, if reasonably possible, be given it that would render it legal.” ’ ”), we conclude that the trial court intended the latter meaning. Thus, we reject the State’s contention that Darry lacks standing to appeal the judgment.
Turning to the merits, Darry maintains that the record does not contain sufficient evidence indicating that the Infiniti had been used to transport or to facilitate the transport of a controlled substance so as to be subject to forfeiture under § 20-2-293(a)(5), Ala.Code 1975. We agree.
The evidence in the record indicates that, during a 2010 surveillance operation, the State uncovered evidence indicating that Woods was selling cocaine out of his residence and arrested him. The Infiniti was parked at that residence at the time of Woods’s arrest. Woods informed the arresting officer that the Infiniti belonged to Bill Oscar Lee, although it was titled in Darry’s name, and that Woods drove the Infiniti; however, the arresting officer did not find drugs in the Infiniti or observe Woods using it to transport drugs. The arresting officer also testified that he was not aware of any money being found in the Infiniti. An investigator with the Madison Police Department testified that, during an earlier investigation in 2009, Bill Oscar Lee had told him that he owned the Infini-ti, that the officer had observed Bill Oscar Lee driving the Infiniti, and that the keys to the Infiniti had been seized in a search of Bill Oscar Lee’s home. Darry testified that he owned the Infiniti, that he allowed Bill Oscar Lee to drive the Infiniti, even after acquiring knowledge that Bill Oscar Lee was involved in drug trafficking, and that the Infiniti had never been used for drug-related purposes to Darry’s knowledge.
The record contains no direct evidence indicating that the Infiniti had been used to facilitate any violation of the controlled-substance laws. At worst, the evidence indicates that known drug traffickers sometimes drove the Infiniti. That evidence alone, however, is not sufficient circumstantial evidence to prove that the In-finiti was ever used for illegal purposes. See Harris v. State, 821 So.2d 177, 185 (Ala.2001) (although the State proved that drug trafficker actually owned automobile that was titled in a relative’s name, in absence of evidence of illegal drugs in the automobile, evidence indicating that illegal *1040 drugs had been transported in the automobile, or evidence that the automobile had been purchased with funds derived from illegal drug transactions, circuit court committed plain and palpable error in ordering forfeiture of automobile).
“‘In a § 20-2-93, Ala.Code 1975, forfeiture proceeding, the State may establish a prima facie case by showing that the item to be forfeited was used, or intended to be used, in violation of the Alabama Uniform Controlled Substances Act. Culpepper v. State, 587 So.2d 359 (Ala.Civ.App.1991). The standard of that proof is reasonable satisfaction. Agee v. State ex rel. Galanos, 627 So.2d 960 (Ala.Civ.App.1993)....’”
Harris, 821 So.2d at 185 (quoting Robbs v. State ex rel. Whetstone, 674 So.2d 1301, 1302 (Ala.Civ.App.1995)).
“[W]here, as here, the trial court entered its judgment after hearing disputed oral testimony, the ore tenus standard applies to our review of the trial court’s findings of fact, and we will not disturb its judgment based on those findings unless those findings are plainly and palpably wrong and not supported by the evidence.”
$3,011 in United States Currency v. State, 845 So.2d 810, 813-14 (Ala.Civ.App.2002).
We conclude that the trial court committed plain and palpable error insofar as it found that the Infiniti should be forfeited. We therefore reverse the judgment, and we remand the case for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.